**UNITED STATES of America,**
**Appellant,**

v.

**Verne K. VANORNUM and Steven A.**
**Herman, Appellee.**

**No. 89–5418.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1990.

Decided Sept. 4, 1990.

---

Gary Fox, Washington, D.C., Jack R. Duis, Gary Annear, Dennis Fisher, Fargo, N.D., for appellant.

Malcolm H. Brown, Mandan, N.D., for appellee.

Before MAGILL and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

We are asked in this appeal to decide when the statute of limitations begins to run on an action by the United States on behalf of the Small Business Administration (SBA) to obtain payment under the terms of guarantees made by appellee Herman in connection with two SBA approved loans. The district court held the government's cause of action accrued upon the filing of a petition in bankruptcy by the underlying debtor. We agree with the government's contention on appeal that the terms of the guarantees, rather than the terms of the underlying notes, control when an action to recover from the guarantor arises. Accordingly, we reverse the district court's judgment dismissing the action as untimely and remand this case for further proceedings.

## I.

In April, 1980, appellee Steven A. Herman, in his corporate capacity as secretary for Eat, Inc., executed two notes payable to the Bismark State Bank. One note was for $65,000 plus interest; the other was for $15,000 plus interest. The United States, through the Small Business Administration (SBA), participated in both loans. As part of the loan package, Herman and two other individuals associated with Eat, Inc. also executed unconditional personal guaran-

tees. Herman executed one guaranty for $65,000 plus interest; the other was for $15,000 plus interest.

On September 23, 1980, Eat, Inc. filed a petition for relief under Chapter 11 of the Bankruptcy Code. The case was converted to a Chapter 7 proceeding on June 29, 1981. On April 15, 1982, the SBA made written demand on Herman for payment on both notes pursuant to the terms of the guarantees Herman had executed. Herman failed to make payment. On March 14, 1988, the United States filed a complaint against Herman, seeking to recover the amounts due to the SBA under the guarantees.[1] The parties filed cross motions for summary judgment. The SBA contended it was entitled to payment as a matter of law; Herman argued the action should be dismissed as time-barred.

The SBA did not file a brief in opposition to Herman's summary judgment motion because it believed a settlement had been reached between the parties. The district court was not informed of any settlement, however, and on April 19, 1989, the court ruled the United States' cause of action against Herman was barred by the six year statute of limitations in 28 U.S.C. § 2415(a), because the cause of action accrued on September 23, 1980, when Eat, Inc. filed for bankruptcy.

On May 26, 1989, the United States moved for reconsideration of the district court's order, specifically responding to the argument that the statute of limitations had run on its action to collect from Herman on the guarantees. On June 7, 1989, the district judge granted the government's motion for reconsideration and reviewed the arguments made by the United States. Unpersuaded that its initial ruling should be changed, the court affirmed its earlier opinion that the statute of limitations precluded the United States' action on the guarantees. On August 7, 1989, the Unit-

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The United States also sued the two other individuals who had signed guarantees. A de-

fault judgment was entered against one of the individuals, and the other was dismissed from this action prior to the district court's consideration of the issues raised on appeal.

ed States filed its notice of appeal to this Court.

## II.

The United States contends on appeal that the district court erred in holding that the SBA's action on the guarantees accrued at the time Eat, Inc. filed for bankruptcy. The government argues the terms of the guarantees provide that payment on the guarantees is conditioned upon a written demand, so the cause of action accrues on the date that written demand is made. Herman's brief does not address the question of when the statute of limitations begins to run; he argues only that the government's appeal is untimely and should be dismissed for that reason.

### A. Was the government's appeal timely filed?

█ We first address the question raised by Herman concerning the timeliness of the government's appeal. Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, the United States must file a notice of appeal within 60 days of the district court's entry of the judgment or order appealed from. We have uniformly held that unless an appeal is timely taken, we lack jurisdiction to hear it. *See, e.g., Fox v. Brewer,* 620 F.2d 177, 179 (8th Cir.1980); 9 Moore's Fed.Prac. para. 204.02[1] at 4–11 to 4–12 (1990). Herman argues the government's appeal was untimely, because the government is seeking to appeal from the court's original judgment, filed April 19, 1989.

█ The government responds that its appeal is *not* from the district court's original judgment, which the court agreed to reconsider, but rather from the court's order dated June 7, 1989. We agree. While the government did not expressly caption its motion for consideration as a Rule 60(b) motion, its brief made clear that relief was being requested pursuant to subsections (1) and (6) of Fed.R.Civ.P. 60(b).[2] Although

simply filing a Rule 60(b) motion does not toll the time for an appeal of the underlying judgment, *see Sanders v. Clemco Industries,* 862 F.2d 161, 169 (8th Cir.1988); *Fox,* 620 F.2d at 179, if the motion is granted by the district court, the time for appeal commences upon entry of the new judgment. *See Browder v. Director, Department of Corrections,* 434 U.S. 257, 272–74, 98 S.Ct. 556, 565–66, 54 L.Ed.2d 521 (1978) (Blackmun, J., concurring); *St. Mary's Health Center v. Bowen,* 821 F.2d 493, 498 (8th Cir.1987). The court's order affirming, after reconsideration, its initial judgment that the statute of limitations had expired was entered June 7, 1989. The government's appeal from that judgment on August 7, 1989, was filed within the 60 day period required by Rule 4(a), and, accordingly, is properly before us. *See generally* 9 Moore's Fed.Prac. para. 204.12[1] at 4–82 (1990).

### B. When did the SBA's cause of action accrue?

█ Section 2415(a) of Title 28 provides that "every action for money damages brought by the United States ... which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues." 28 U.S.C. § 2415(a). This statute applies to actions brought by the SBA to enforce guarantees on defaulted loans under the SBA's loan guaranty program. *See generally United States v. Rollinson,* 866 F.2d 1463, 1465 (D.C.Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 71, 107 L.Ed.2d 37 (1989); *United States v. Kurtz,* 525 F.Supp. 734, 739–40 (E.D.Pa.1981), *aff'd without opinion,* 688 F.2d 827 (3d Cir.), *cert. denied,* 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982).

The statute itself provides no guidance as to when a particular cause of action accrues. The district court looked to the terms of the underlying notes, and concluded that because the notes automatically

---

2. Fed.R.Civ.P. 60(b) provides in relevant part: On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

accelerated upon the filing of a petition in bankruptcy, the SBA's cause of action against Herman as guarantor began to run from that date.[3] The guarantees signed by Herman, however, contain language which differs from that in the underlying notes concerning the guarantor's liability. The guarantees provide in relevant part as follows:

> In case the Debtor shall fail to pay all or any part of the Liabilities when due, whether by acceleration or otherwise, according to the terms of said note, the Undersigned [guarantor], immediately upon the written demand of Lender, will pay to Lender the amount due and unpaid by the Debtor.

 This Court has recognized in other cases that a guarantor's obligation under a guaranty arises only upon the default of the debtor. *International Harvester Credit Corp. v. Leaders*, 818 F.2d 655, 658 (8th Cir.1987). *See United States v. Feterl*, 849 F.2d 354, 356–57 (8th Cir.1988). The question presented in this case is whether the obligation automatically arises upon default or whether it arises only after a written demand for payment. The District of Columbia Court of Appeals has long held that "[w]here a demand is necessary to perfect a cause of action, the statute of limitations does not commence to run until the demand is made." *Nyhus v. Travel Management Corp.*, 466 F.2d 440, 453 (D.C.Cir.1972).

More recently, however, the court has noted "[s]ubstantial authority" for the position that a government agency's cause of action against a guarantor accrues on the date the agency suffers a loss, i.e., at the time the government reimburses the lender for the loss arising from the borrower's default. *Rollinson*, 866 F.2d at 1466–67. The *Rollinson* Court did not reach the issue of which line of authority controlled the SBA's action against guarantor Rollin-

son, because the court determined a modification agreement between SBA and the underlying debtor effectively renewed the statute of limitations against the guarantor in that case. *Id.* at 1467–68, 1473.

This Court, in *United States v. Feterl*, 849 F.2d 354, 356–57 (8th Cir.1988), has also considered when a cause of action by a government agency accrues against a guarantor. The *Feterl* case involved a loan made to the debtor by the Economic Development Administration (EDA). When it became apparent the debtor would be unable to repay the loan, EDA suggested the debtor file for bankruptcy. The debtor did so on September 15, 1980. EDA filed a proof of claim in the bankruptcy, but did not make a formal demand for payment from the guarantor until June 23, 1986. EDA filed its complaint against the guarantor on September 12, 1986. *Id.* at 356.

The guarantor in *Feterl* argued the statute of limitations began to run on the guarantee once EDA had sufficient information to conclude it would have to accelerate loan payments, or at least on the date it counseled the debtor to file for bankruptcy.[4] The EDA argued the statute did not begin to run until it had made its demand on the guarantor, or at least until it had filed its proof of claim in the bankruptcy court. *Id.*

The *Feterl* Court held that "[b]efore the limitations period begins to run, a lender must, at least, have invoked the acceleration clause in the loan agreement." *Id.* (citing *United States v. Gilmore*, 698 F.2d 1095, 1097 (10th Cir.1983); *United States v. Cardinal*, 452 F.Supp. 542, 547–48 (D.Vt. 1978)). The Court did not need to choose the precise date upon which the lender's cause of action accrued against the guarantor, because EDA had taken no action to accelerate the loan prior to September 12, 1980. *Feterl*, 849 F.2d at 356–57. The

---

3. The notes provided:

> The indebtedness shall become due and payable, without notice or demand, ... upon the filing of a petition by or against the undersigned [debtor] under the provisions of any State insolvency law or under the provisions of the Bankruptcy Act of 1898, as amended.

4. Unlike the notes at issue in this case, it does not appear that the note in *Feterl* provided for automatic acceleration of the debt upon the filing of bankruptcy. *See Feterl*, 849 F.2d at 357 (noting debtor's bankruptcy "would prolong the status quo and would not serve to require an acceleration of the payment of the loan").

Court noted, however, that authority existed which supported commencement of the limitations period either at the time the lender made a demand for payment on the guarantor *or* when the lender unequivocally acted to accelerate the underlying loan. *Id.*

In this case, the notes on the underlying loans provided for automatic acceleration upon the filing of a bankruptcy petition. The petition by Eat, Inc. was originally filed on September 23, 1980. Unlike the circumstances presented in *Feterl,* the SBA's action against Herman as guarantor is untimely if the debtor's bankruptcy filing on September 23, 1980, also gave the SBA the right to collect from Herman. We are persuaded by the language of the guarantees at issue in this case, however, that more than automatic acceleration of the underlying notes is required to commence the limitations period on a cause of action against the guarantor.

The guarantees expressly provide that where the debtor fails to pay "whether by acceleration or otherwise," the guarantor *"immediately upon the written demand of Lender,* will pay to Lender the amount due and unpaid by the Debtor." Under the plain terms of the guarantees "a demand is necessary to perfect a cause of action." *Nyhus,* 466 F.2d at 452. *See Rollinson,* 866 F.2d at 1467. Because Herman had no obligation to pay under the guarantees until Eat, Inc. defaulted *and* a written demand for payment was made, we hold the statute of limitations on the SBA's action to collect under the guarantees began to run only after Herman had received SBA's demand.[5]

### III.

We thus conclude the statute of limitations began to run in this case on April 12, 1982, the date on which the SBA made its written demand for payment pursuant to the express terms of the guarantees. The

SBA's action was filed March 14, 1988, within six years from this date. The judgment of the district court dismissing the SBA's action as time-barred must, therefore, be reversed, and the case is remanded for further proceedings.

---

**5.** Although we are troubled by the length of time between the SBA's written demand and its decision to file a complaint against Herman, the complaint was filed within six years of the SBA's written demand for payment. We note that the SBA would be precluded from

"stav[ing] off operation of the statute inordinately by failing to make demand," *Nyhus,* 466 F.2d at 452–53, but Herman has not argued that an unreasonable time elapsed between the acceleration of the underlying debt and the SBA's written demand for payment from him.