UNITED STATES of America,
Plaintiff–Appellant,

v.

Richard Melvin GOTTLIEB; Eileen N.
Gottlieb, Defendants–Appellees.

Nos. 90–16060, 90–16507.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 1991.

Decided Nov. 12, 1991.

Steve Frank, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Gregory J. Kuykendall, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Tucson, Ariz., for defendants-appellees.

Before GOODWIN, SCHROEDER and NOONAN, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an action by the United States against Richard and Eileen Gottlieb. The Gottliebs had guaranteed the payment of a Small Business Administration loan and the United States seeks to enforce the guaranty. The issue on appeal is whether the SBA's action is barred by the six-year statute of limitations contained in 28 U.S.C.

§ 2415(a).[1] There is no question that the underlying loan was wholly in default at the time the SBA acquired its interest by purchasing the note and guaranty from the lending bank and receiving an assignment of the bank's interest in the note and guaranty.

The SBA filed this action more than six years after that assignment. If the cause of action accrued at that time, the action is barred. The SBA action was filed less than six years after the SBA demanded payment from the Gottliebs as guarantors, however, and if the cause of action accrued at that time, the complaint was timely.

■ The district court held that the SBA's cause of action accrued when the SBA first purchased the note and guaranty from the lending bank and that the cause of action was accordingly barred by the statute of limitations. The government on appeal contends that its cause of action did not arise until it made demand on the guarantors as required by the terms of the guaranty. In holding that the action was barred, the district court relied upon our decision in *FDIC v. Former Officers and Directors of Metropolitan Bank*, 884 F.2d 1304 (9th Cir.1989) (*"Metro. Bank"*), cert. denied sub nom. *Lee v. FDIC*, —— U.S. ——, 110 S.Ct. 3215, 110 L.Ed.2d 662 (1990), a case which did not involve a claim arising under a loan and guaranty. Following the district court's decision and before briefing on appeal of this case, the Eighth Circuit decided a controversy, virtually identical to this one, between the SBA and guarantors under the same form agreements used here. *United States v. Vanornum*, 912 F.2d 1023 (8th Cir.1990). The Eighth Circuit held that because the terms of the guaranty agreement required a demand, the cause of action accrued at the time of the demand and not at the time the government acquired its interest in the loan and guaranty. We agree with the reasoning of the Eighth Circuit and accordingly reverse the district court.

The facts in this case are not in dispute. On December 1, 1981, Appliance Enterprises, Inc. ("Appliance"), dba Centennial Home Improvement Center, executed a promissory note for $300,000 payable to First Interstate Bank of Arizona. Also on December 1, 1981, the Gottliebs executed a guaranty making them liable in the event Appliance defaulted on the loan. The loan to Appliance by the bank was arranged under the auspices of the SBA and both the note and the guaranty were on SBA forms.

Among its terms, the note provided for automatic acceleration of the whole debt upon the filing of a bankruptcy petition by the borrower:

> The indebtedness shall immediately become due and payable, without notice or demand ... upon the filing of a petition by or against the undersigned [borrower] under the provisions of any State insolvency law or under the provisions of the Bankruptcy Reform Act of 1978.

The guaranty provided, in pertinent part,

> the Undersigned hereby unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of the Debtor....
>
> In case the Debtor shall fail to pay all or any part of the Liabilities when due, whether by acceleration or otherwise, according to the terms of said note, the Undersigned, immediately *upon the written demand* of Lender, will pay to Lender the amount due and unpaid by the Debtor. [Emphasis added.]

On February 18, 1983, having made no payments on the note, Appliance filed a Chapter 11 bankruptcy petition. Three months later, on May 18, 1983, the bank assigned its interests in the note and the guaranty to the SBA. On June 10, 1983,

---

**1.** Section 2145(a) provides in pertinent part:
[E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues....

the SBA sent letters to the Gottliebs demanding payment on the note.

Faced with materially identical facts, the Eighth Circuit recently held that the government's claim under the guaranty did not accrue until the SBA's demand letter was received. *Vanornum*, 912 F.2d at 1027. The Eighth Circuit observed that, under the language of the documents, the guarantor had no obligation to pay off the loan until the borrower had defaulted *and* a written demand for payment had been made. *Id.* The Eighth Circuit dismissed the argument of the guarantor that the acceleration clause of the underlying debt triggered his liability automatically and therefore should determine the date on which the statute begins to run. The court held that the terms of the guaranty, and not those of the loan, govern liability. *Id.*

■ The appellees acknowledge that the *Vanornum* case, if followed, would lead to a result contrary to that reached below. They urge that we nevertheless are bound to follow *Metro. Bank*, 884 F.2d 1304, because it is the controlling case in our circuit. The *Metro. Bank* case, however, presents a very different situation. In *Metro. Bank*, the Federal Deposit Insurance Corporation brought suit against former officers and directors of a failed bank for breach of fiduciary and statutory duties. The district court granted summary judgment in favor of some of the defendants on the grounds that the acts and omissions alleged had occurred more than six years prior to the FDIC's filing suit and therefore the action was barred by the statute of limitations provisions contained in 28 U.S.C. § 2415(a). This court reversed, holding that the cause of action

did not accrue under section 2415(a) until "acquisition of the claim by the federal government upon FDIC's appointment as receiver." *Metro. Bank*, 884 F.2d at 1309. There was no demand requirement in the controlling contract documents, while there is such a requirement in this case. Under the facts in *Metro. Bank*, no further action was required to perfect the government's claim. *Metro. Bank*, therefore, stands for the proposition that the statute of limitations contained in section 2415(a) can begin to run *no sooner than* the government acquires the right to pursue a claim. *Metro. Bank* did not hold that the statute of limitations must necessarily begin to run at that moment, regardless of the provisions of the contract documents. *Metro. Bank* is therefore not controlling.

■ The appellees also point to provisions in the guaranty and loan agreement in which the guarantors made certain waivers of rights to notice and demand.[2] These provisions, however, affect the relationship between the borrower and the lender and authorize foreclosure on the borrower's collateral without notice to the guarantors. These provisions do not pertain to direct enforcement of the guaranty. They do not conflict with the express provisions in the guaranty that the guarantor becomes liable for direct repayment of the loan only upon written demand.

■ Finally, appellees argue that the rule we recognize today creates unfettered discretion on the part of the government to toll the statute of limitations indefinitely by delaying its demand. We merely note, as did the Eighth Circuit in *Vanornum*, that

---

2. The guaranty states:
The Undersigned waives any notice of the incurring by the Debtor at any time of any of the Liabilities, and waives any and all presentment, demand, protest or notice of dishonor, nonpayment, or other default with respect to any of the Liabilities and any obligation of any party at any time comprised in the collateral. The Undersigned hereby grants Lender ... the following powers:

\* \* \* \* \* \*

(e) In the event of the nonpayment when due, whether by acceleration or otherwise, of any of the Liabilities, or in the event of default in the performance of any obligation comprised in the collateral, to realize on the collateral or any part thereof, as a whole or in such parcels or subdivided interests as Lender may elect, at any public or private sale or sales, for cash or on credit or for future delivery, without demand, advertisement, or notice of the time or place of sale or any adjournment thereof (the Undersigned hereby waiving any such demand, advertisement and notice to the extent permitted by law), or by foreclosure or otherwise, or to forebear from realizing thereon, all as Lender in its uncontrolled discretion may deem proper....

"the SBA would be precluded from 'stav[ing] off operation of the statute inordinately by failing to make demand.'" *Vanornum,* 912 F.2d at 1027 n. 5 (citing *Nyhus v. Travel Management Corp.,* 466 F.2d 440, 452–53 (D.C.Cir.1972) (noting that, "when statutorily unstipulated, the time for demand is ordinarily a reasonable time")). There is no question in this case that the demand, which came only two weeks after the government received its assignment, was made within a reasonable time.

The award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is VACATED because the defendants are no longer the prevailing party. The case is REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.