UNITED STATES of America, Plaintiff,

v.

Allen F. SANTOS, et al., Defendants.

No. C–91–1398 BAC.

United States District Court, N.D. California.

March 11, 1992.

---

Irwin J. Eskanos, Brian Stein, Eskanos & Adler, Oakland, Cal., for plaintiff.

Arthur C. Lipton, San Francisco, Cal., for defendants.

## OPINION AND ORDER

CAULFIELD, District Judge.

This matter comes before the Court on defendant Allen Santos' motion for summary judgement. The primary issue raised by defendant's motion is whether plaintiff's cause of action is barred by the applicable statute of limitations provisions contained in 28 U.S.C. § 2415. Upon consideration of the briefs and oral arguments of the parties, it is the ruling of this court that defendant's motion shall be GRANTED in part and DENIED in part as outlined below.

## FACTS

On May 9, 1990 plaintiff filed this action seeking recovery of a defaulted home loan guaranteed by the Department of Veterans Affairs ("VA") pursuant to 38 U.S.C. § 1803. Defendant maintains that he has never acknowledged the debt owed to the VA; nonetheless, he does not dispute that the loan in question has been in default.

The VA approved the loan in question on January 25, 1980. Defendant's name and signature appear on the loan forms. The parties do not indicate when defendant allegedly defaulted on the loan; however, a foreclosure sale on the subject property was held on August 14, 1984, leaving an outstanding balance of $24,289.63, plus interest owing on the property. After the sale, the VA sent three demand letters dated September 9, 1985, June 1, 1990 and July 1, 1990 respectively to defendant seeking payment of the outstanding balance. On March 16, 1990 defendant filed a request for waiver of the obligation. On April 12, 1990 the VA issued its decision denying defendant's request for waiver. While the decision specifically notified defendant of his right to an appeal, defendant chose not to exercise said right.

## DISCUSSION

### A. *Statute of Limitations*

Plaintiff's cause of action is subject to the statute of limitations provision contained in 28 U.S.C. § 2415, which provides in pertinent part:

(a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the U.S. or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or *within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by the law, whichever is later: Provided,* That in the event of later partial payment or written acknowledgement of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgement ... (emphasis added)

The parties agree that section 2415(a) applies to plaintiff's action; however, the parties disagree as to the proper application of the section.

Initially, the parties disagree as to the date plaintiff's cause of action accrued. Defendant argues that plaintiff's cause of action accrued on August 14, 1984, the date of the foreclosure sale. Plaintiff maintains that the cause of action did not accrue until September 9, 1985, the date of the initial demand letter. In support of its contention, plaintiff cites *U.S. v. Gottlieb*, 948 F.2d 1128 (9th Cir.1991), which holds that the six-year statute of limitations does not begin to run until the government makes a demand of payment.

*Gottlieb* is inapplicable to this matter. The Ninth Circuit's holding in *Gottlieb* was specifically premised on the fact that the contract in question contained a "demand requirement" which rendered the amounts payable "on demand". *Id.* at 1129. The

contract between the VA and defendant contains no such demand requirement. The *Gottlieb* court specifically noted that where, as here, there is no demand requirement contained in the contract, the statute of limitations begins to run when the government acquires the right to pursue the claim. *Id.* at 1130.[1] Therefore, as plaintiff does not dispute that the government was on notice of the default at the time of the foreclosure sale, the court finds that the cause of action accrued on August 14, 1984.

Plaintiff's complaint was filed on May 9, 1991, almost nine months after the six years provided for in the first part of section 2415(a). However, plaintiff offers two additional arguments against the statute of limitations bar. First, plaintiff argues that defendant's request for waiver constituted an acknowledgment of debt which, pursuant to section 2415(a), essentially restarts the six year statute of limitation. Second, plaintiff argues that even if defendant's request for waiver did not constitute an acknowledgment of debt, the statute of limitations is nonetheless extended to one year after the VA's decision denying defendant's request for waiver became final.

### 1. *Request for Waiver*

■ Defendant maintains that upon finding out about the alleged default he immediately filed a request for waiver on the grounds that the alleged debt was not his own. In his request for waiver, defendant openly acknowledged that he had not lived in the subject property, and that he obtained the VA loan for the benefit of a previous employer. Plaintiff argues that defendant's request for waiver constituted an acknowledgement of debt. Defendant expressly denies that he has ever acknowledged the alleged debt. As the briefs and arguments in support and in opposition to defendant's motions for summary judgment raise questions of law and fact left unresolved by defendant's motion, the court denies defendant's motion as it relates to the issue of acknowledgment of debt.[2]

### 2. *Finality Administrative Decision*

■ The VA issued its decision denying defendant's request for waiver on April 12, 1990. When the board issued its decision, defendant was apprised of his right to appeal within one year after the decision was issued. Therefore, plaintiff reasons that the board's decision did not become final until after defendant's right to appeal had expired, or April 6, 1991. Accordingly, under section 2415(a), the statute of limitations did not run until one year after the decision became final, or April 6, 1992. Defendant argues that it had no intention of appealing the boards decision; therefore, the decision became final when issued.

In support of its position plaintiff cites *White Mountain Apache Tribe v. Hodel*, 840 F.2d 675 (9th Cir.1988), which holds that administrative appeals must be exhausted before the courts can review the administrative board's decisions. The court finds this analysis inapplicable to this matter. This action is not a request to review the decision denying defendant's request for waiver. The issue presented

---

**1.** The *Gottlieb* court specifically distinguished its case from that in *F.D.I.C. v. Former Officers and Directors of Metropolitan Bank*, 884 F.2d 1304 (9th Cir.1989), *cert denied sub nom, Lee v. F.D.I.C.*, — U.S. —, 110 S.Ct. 3215, 110 L.Ed.2d 662 (1990), which is analogous to this case in that the contract in question did not contain a "demand requirement".

**2.** Plaintiff's first amended complaint includes an allegation of fraud. The amended complaint is based on disclosures made by defendant in his request for waiver. Plaintiff maintains that prior to defendant filing his request for waiver, it was unaware of defendant's fraudulent activity. Plaintiff argues that the period of time during which facts material to its right of action are not known and reasonably could not be known by an official of the U.S. are to be excluded from the time for commencing actions by the U.S. However, plaintiff seeks the same contractual recovery under its fraud cause of action as it seeks under its breach of contract action. It is clear that while plaintiff may not have been aware of the fraudulent nature of defendant's acts, it was, nonetheless aware of the harm (default of loan agreement), and the agent of the harm (defendant Santos). Therefore, it is immaterial that plaintiff may have been unaware of another potential basis for recovery. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

here is not "when can a party appeal an administrative decision," but rather "when does an administrative decision become final."

Neither party provided authority supporting their respective positions. The court invited the parties to file supplemental briefs on the issue of the finality of the VA's order; however, neither party supplemented their earlier briefs. The court's own research on this issue leads to the conclusion that the VA decision denying defendant's request for waiver became final when issued.

The request for waiver provisions and the relevant procedural aspects of the process are addressed in 38 C.F.R. §§ 1.955–1.970. Section 1.958 provides that the denial of a request for waiver is subject to appeal. Section 1.969 provides that the decision involving a request for waiver is final, subject to the provisions contained in sections 3.104(a), 19.153 and 19.154 of the chapter. Sections 3.104(a), 19.153 and 19.154 do not alter the finality of the administrative decision when issued. For example, section 3.104(a) provides that the board's decision is final and "not subject to revision on the same factual basis except by duly constituted appellate authorities ..." Therefore, it is the court's holding that board's decision was final unless appealed by defendant.[3]

Therefore, the court finds that:

1. Plaintiff's cause of action accrued on August 14, 1985.

2. The VA's decision denying defendant's request for waiver became final when issued on April 12, 1990.

3. Plaintiff failed to file suit within one year of the April 12, 1990 decision as required by 28 U.S.C. § 2415.

4. Questions of law and fact remain regarding the issue of whether or not defendant's February, 1990 request for waiver constitutes an acknowledgement of debt. As the resolution of this issue may be dispositive, the court will entertain the possibility of bifurcating this issue and having a separate hearing solely on the issue of acknowledgement of debt.

5. Plaintiff's motion for leave to file a First Amended complaint is GRANTED.

IT IS HEREBY ORDERED.

---

**3.** If the drafters of Title 38 had intended a contrary interpretation of the finality question there is ample evidence in other Titles to suggest that the drafters would have clearly stated a contrary intent. For example, 7 C.F.R. § 1.142 on post-hearing procedures involving the Agricultural Department, provides that the administrative Judge's decision:

"*shall become effective* without further proceedings *35 days after the issuance of the decision,* if announced orally at the hearing, or if the decision is in writing, 35 days after

the date of service thereof upon the respondent, unless there is an appeal to the Judicial Officer by a party to the proceeding pursuant to § 1.145; *Provided, however, that no decision shall be final for purposes of judicial review except a final decision of the Judicial Officer upon appeal."* (7 C.F.R. § 1.142(c)(4). (Emphasis added.)

Title 38, however, does not expressly tie together the right to appeal with the finality of the decision.