5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney J. QUIGLEY, Defendant-Appellant.
 No. 93-55105.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 13, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-92-01175-MRP(V); Mariana R. Pfaelzer, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney J. Quigley appeals pro se the district court's summary judgment in favor of the United States in the government's action to recover on a defaulted Veterans Administration ("VA") guaranteed home loan. Quigley also appeals the district court's denial of his (1) motion to dismiss, (2) motion for summary judgment, (3) motion for "consent summary judgment", and (4) motion for a stay of the judgment pending appeal. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm the district court's judgment.
 
 
 3
 * Summary Judgment
 
 
 4
 We review de novo the district court's summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 5
 Quigley contends the district court erred by concluding that the government established a prima facie case of Quigley's debt. This contention lacks merit.
 
 
 6
 The government attached to its motion for summary judgment copies of (1) a Certificate of Indebtedness, (2) a promissory note signed by Quigley, (3) a purchase money mortgage signed by Quigley, (4) a VA Guaranteed Loan Rider signed by Quigley, (5) the lending institution's Claim Under Loan Guaranty, and (6) a computer printout showing the status of Quigley's loan. The only evidence Quigley offered in response was his own one-sentence declaration that the Claim Under Loan Guaranty was either a fraud or a mistake. Although Quigley asserts that this declaration was sufficient under Fed.R.Civ.P. 56(e) to avoid summary judgment, we conclude that he failed to set forth specific facts showing that there is a genuine controversy on the issue of whether he is indebted to the government.[1]
 
 
 7
 Quigley's contention that the government must, as a matter of law, submit a sworn statement of account to establish a prima facie case lacks merit. The case Quigley relies on, United States v. Irby, did not establish such a requirement. 517 F.2d 1042, 1043 (5th Cir.1975) (per curiam).
 
 
 8
 Quigley also contends the government's action was barred by the statute of limitations. Quigley argues that under Pennsylvania law the limitations period is presumed to have run absent clear evidence to the contrary, and that the government failed to present such evidence. This contention lacks merit.
 
 
 9
 In this case, it is federal statutory law, not Pennsylvania law, that provides the applicable statute of limitations. See 28 U.S.C. Sec. 2415(a) ("every action for money damages brought by the United States ... which is founded upon any contract ... shall be barred unless the complaint is filed within six years after the right of action accrues"); United States v. Santos, 785 F.Supp. 843, 844 (N.D.Cal.1992); see also United States v. Gottlieb, 948 F.2d 1128, 1128-29 (9th Cir.1991) (applying section 2415(a) in action by Small Business Administration to recover defaulted guaranteed loan). Thus, the state-law rebuttable presumption on which Quigley relies is inapplicable.
 
 
 10
 Generally, under section 2415(a) a cause of action accrues when the government acquires the right to pursue a claim. See Gottlieb, 948 F.2d at 1130; Santos, 785 F.Supp. at 845. We reject Quigley's argument that the government's cause of action accrued in February of 1985 when the government received notice that Quigley was in default. The record shows that Quigley cured this default by April of 1985 and that Quigley defaulted again in 1986. The government subsequently acquired a right to recover against Quigley on approximately June 1, 1987 when a sheriff's sale was held and the VA paid the remaining outstanding balance of Quigley's debt. See 38 C.F.R. Sec. 36.4323(e) (VA may pursue right of indemnity); Carter v. Derwinski, 987 F.2d 611, 612 (9th Cir.1993) (en banc), pet. for cert. filed, 61 U.S.L.W. 3836 (U.S. June 1, 1993) (No. 92-1929). The government filed its complaint on January 23, 1992, well within the six-year limitations period of section 2415(a). Thus, the government's action was not barred by the statute of limitations.
 
 
 11
 Quigley also contends the government's action was barred by the statute of frauds. We do not decide here whether the statute of frauds is applicable in the context of this action. Rather, we note only that the government supported its motion with copies of a promissory note and a VA Guaranteed Loan Rider, both of which were signed by Quigley.[2] Thus, even if the statute of frauds were applicable, Quigley's contention would lack merit.
 
 
 12
 The district court did not err by granting the government's motion for summary judgment and denying Quigley's motion for summary judgment.[3]
 
 II
 
 13
 Quigley's Motion for "Consent Summary Judgment" and Motion to Dismiss
 
 
 14
 Quigley contends the district court erred by denying his motion for "consent summary judgment". This contention lacks merit.
 
 
 15
 The original hearing date on Quigley's summary judgment motion was July 27, 1992. Quigley argues, and the record shows, that the government did not file its opposition until July 22 or 23, 1992. If the hearing date had remained unchanged, then the opposition would have been untimely under the district court's local rules. See U.S.Dist.Ct.C.D.Cal.Local R. 7.6.
 
 
 16
 The record shows, however, that the district court sua sponte continued the hearing date to August 24, 1992 and that the government's opposition was timely in relation to that date. Moreover, the rule Quigley relies on, Rule 7.9, provides only that the failure to file a timely opposition to a motion "may be deemed consent to the granting ... of the motion." Id. 7.9 (emphasis added). Given the procedural history of this case, the discretionary language of the rule, and the fact that Quigley was not otherwise entitled to a summary judgment, see supra part I; Henry v. Gill Induss., 983 F.2d 943, 949-50 (9th Cir.1993), the district court did not err by denying Quigley's motion for consent summary judgment, see Guam Sasaki Corp. v. Diana's Inc., 881 F.2d 713, 715 (9th Cir.1989) (district court has broad discretion in applying local rules).
 
 
 17
 Nor did the district court err by denying Quigley's motion to dismiss. Quigley's motion was based entirely on alleged violations of the local rules by opposing counsel. We have reviewed the record and conclude that none of the alleged violations warranted dismissal of the action. See id.
 
 III
 Motion for Stay
 
 18
 We review the district court's order denying Quigley's motion for a stay pending appeal for abuse of discretion. Lopez v. Heckler, 713 F.2d 1432, 1436 (9th Cir.1983). The standard applied "is similar to that employed by district courts in deciding whether to grant a preliminary injunction." Id. at 1435.
 
 
 19
 Here, Quigley failed to show either a probability of success on the merits of his appeal or that his appeal raised serious legal questions. See id. The district court did not err by denying this motion.
 
 IV
 Other Claims
 
 20
 Quigley contends the district court erred by denying him a jury trial. This contention lacks merit because Quigley failed to show the existence of a genuine issue of material fact for trial. See Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1077 n. 3 (9th Cir.1986) (stating that "[t]he Constitution only requires that bona fide fact questions be submitted to a jury").
 
 
 21
 Quigley also contends the district court erred by failing to allow him to amend his counterclaim to respond to the government's exhibits in support of summary judgment.[4] This contention lacks merit. In his counterclaim, Quigley sought to recover $442.10, the amount he had paid the VA on his debt. As our discussion above indicates, Quigley's claim is wholly lacking in merit. Quigley has never explained how amendment would help his counterclaim. Nor can we discern from the record any reason why the district court should have allowed amendment. The district court did not abuse its discretion by denying leave to amend. See Kyle Rys., Inc. v. Pacific Admin. Servs., Inc., 990 F.2d 513, 518 (9th Cir.1993).[5]
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In support of his own motion for summary judgment, Quigley submitted a copy of the VA's decision denying Quigley's request for a waiver of indebtedness. This evidence supports the government's case, however
 
 
 [2]
 We reject Quigley's argument that the district court should not have considered these and other documents because they were excludable under the district court's local rules. See U.S.Dist.Ct.C.D.Cal.Local R. 6.1.1. Rule 6.1.1 only provides that documents that were reasonably available but not exchanged at the early meeting "may be subject to exclusion at the time of trial." Id. (emphasis added). Thus, the district court was not required to reject them. See Guam Sasaki Corp. v. Diana's Inc., 881 F.2d 713, 715 (9th Cir.1989) (district court has broad discretion in applying local rules)
 
 
 [3]
 Quigley's other allegations of error also lack merit. The district court did not err by denying Quigley's request to cross-examine Frank X. McGrath and James A. Nerone, both of whose signatures appear on the exhibits submitted by the government. McGrath and Nerone were not affiants or declarants in this case. Therefore, and contrary to Quigley's assertion, their statements were not subject to the personal knowledge requirement of Rule 56(e). Also, Quigley was not entitled to cross-examine any witness merely on an unspecified hope to undermine their credibility. See National Union Fire Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir.1983)
 In addition, there is no factual basis for Quigley's claim that the district court failed to hold a hearing. The clerk's minutes indicate that neither the government nor Quigley appeared at the November 2, 1992 hearing on the government's and Quigley's motions. Because Quigley failed to appear, he cannot now argue he was wrongfully denied a hearing.
 
 
 [4]
 Quigley termed his counterclaim a "cross-complaint."
 
 
 [5]
 Quigley also contends the district court's method of docketing cases and the government's policy of using contract attorneys violated his right to due process. The record does not indicate that Quigley raised these issues below and we decline to address them for the first time on appeal. Mundy v. United States, 983 F.2d 950, 953 n. 1 (9th Cir.1993)