UNITED STATES of America, Plaintiff,

v.

FIRST CITY CAPITAL CORPORATION, Defendant.

U.S. SMALL BUSINESS ADMINISTRATION in its Capacity as Receiver for First City Capital Corporation, Plaintiff,

v.

BARRON CONSTRUCTION COMPANY, INC., et al., Defendants.

Civ. A. Nos. H–88–1203, H–88–1203–A.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 29, 1993.

Nancy L. Holley, U.S. Trustee, Houston, TX, Wayne T. Ault, Small Business Admin., Washington, DC, Nancy L. Holley, U.S. Attys. Office, Houston, TX, for plaintiff U.S.

Wayne T. Ault, Arlene P. Messinger, Small Business Admin., Washington, DC, Cornelius Joseph Calnan, Cornelius J. Calnan & Associates, Houston, TX, for plaintiff Small Business Admin.

Jack Kenneth Gray, Gray & Associates, Houston, TX, for defendant First City Capital.

Eugene B. Wilshire, Jr., Wilshire Scott Halbach & Dyer, Houston, TX, for defendant Brent J. Baron.

J. Eric Toher, Porter & Clements, Houston, TX, for defendant Southforms Systems & Supply, Inc., Michael D. Bishop, Thomas G. Collier, Edward T. Douglass and Robin L. Scott.

### ORDER

NORMAN W. BLACK, Chief Judge.

Pending before the Court are Plaintiff's motion to compel and Defendant Brent Barron's motion for summary judgment. A response has been filed to the summary judgment motion. After careful review, the Court is of the opinion that the motion to compel should be granted and the motion for summary judgment denied.

The Small Business Administration ("SBA") in its capacity as receiver for First City Capital Corporation ("FCCC") filed suit against Brent Barron alleging he personally guaranteed a $50,000.00 debt of Barron Construction Company, Inc. ("Barron Construction"). The loan that forms the basis of this litigation was made in December 1978. Defendant contends that any claim FCCC may have had against him was barred by the statute of limitations prior to the date of the receivership. Therefore, he believes he is entitled to judgment as a matter of law. Defendant also denies he guaranteed the debt. However, this assertion is irrelevant when evaluating a motion for summary judgment based solely on the statute of limitations defense.

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

It is undisputed that the receivership acquired the alleged claim on April 7, 1988. The parties agree that a four-year statute of limitations applies. Defendant relies on the loan agreement which stated that the debt was to be repaid in monthly principal installments of $892.86 with the first payment due on July 10, 1979 and the final payment due on July 10, 1983. Defendant admits the note was never paid and contends a default occurred on July 10, 1983. As a result he argues the statute of limitations lapsed on July 10, 1987.

It is the guaranty, not the note or the loan agreement upon which Plaintiff has based its suit on Brent Barron. A copy of the guaranty in question has been submitted as an exhibit to the affidavit of Cecilia Seay, the principal agent for the SBA in its capacity of receiver for FCCC. The guaranty has as a condition precedent a "demand" requirement which Plaintiff claims must be followed before Brent Barron can be found liable on the guaranty. As a result Plaintiff argues the statute of limitations did not begin to run until demand was made.

"As a general rule of contract law where a demand is . . . a condition to the right to sue, the Statue of Limitation does not begin to run until a demand is made. . . ." *Gabriel v. Alhabbal,* 618 S.W.2d 894, 896 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). In a SBA action with similar facts, the Court concluded that when the terms of the guaranty required a demand, the cause of

action accrues at the time of the demand and not when the government acquires its interest in the loan and guaranty. *United States v. Vanornum,* 912 F.2d 1023 (8th Cir.1990). The Court specifically noted that the guarantor had no obligation to pay off the loan until the borrower had both defaulted and a written demand for payment had been made. *Id.* at 1027. It is not the terms of the loan but rather the terms of the guaranty which govern liability. *Id.* Although there are no Fifth Circuit cases on point *Vanornum* has been followed in both the Fourth and Ninth Circuits in SBA cases. *See United States v. Culver,* 958 F.2d 39 (4th Cir.1991); *United States v. Gottlieb,* 948 F.2d 1128 (9th Cir. 1991).

It is undisputed that Bert Barron and Brent Barron, as guarantors of the note, failed to make the required payments under the note and that they were notified, in writing, for the first time of their default and full payment was demanded on July 31, 1989. Therefore, the Court concludes that the statute of limitations did not run until July 31, 1993. Since the suit against Brent Barron was filed on April 9, 1993 it was not barred by the statute of limitations. For the reasons stated above, it is

ORDERED that Defendant Brent Barron's motion for summary judgment (entry 46) is DENIED. It is further

ORDERED that Plaintiff's motion to compel Brent Barron to answer Interrogatories 2–6 and Requests for Production 4–10 (entry 44) is GRANTED. The information requested must be provided on or before October 20, 1993. Counsel's request for attorney's fees is DENIED subject to being reurged at the close of the case. It is further

ORDERED that Plaintiff's request for oral argument (entry 51) is DENIED.