

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00376-CV

_____

BANK OF THE WEST, Appellant

V.

PSMD MEDICAL ASSOCIATES, P.A., Appellee

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-338479-22

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Bank of the West appeals from the trial court's limitations-based summary judgment in favor of Appellee PSMD Medical Associates, P.A. The Bank argues in its sole issue that the trial court erred by granting PSMD's motion because limitations did not bar the Bank's claim. We will reverse and render in part on the guarantee itself and remand in part on attorney's fees.

### Background

In 2015, MDPS Real Estate Holdings LLC and Siva Assisted Living Services, Ltd. (the Borrowers) executed a $4,950,000 note in the Bank's favor. Durga and Madhavi Mekala signed the note as managers of both MDPS and Siva Assisted Living. PSMD secured the note with a U.S. Small Business Administration Unconditional Guarantee. Durga Mekala also signed the Guarantee as director of PSMD.

The Borrowers made their last note payment on July 10, 2018, and four months later, the Borrowers filed Chapter 7 bankruptcy proceedings. On December 11, 2018, the Bank informed the Borrowers (and PSMD) in writing that it was accelerating the note, demanding payment in full and warning that a trustee's sale would take place in February 2019 if full payment was not received, with the Borrowers and PSMD "remain[ing] jointly and severally liable for any deficiency balance due on the Note, if any." The real property securing the note was foreclosed in 2019 and sold in 2022 for less than the foreclosure amount. On October 3, 2022, the Bank sent a demand letter to PSMD for payment of the remaining balance due on

2

the note and interest owed. The Bank later sent a revised demand letter after applying additional credit from the foreclosure. The remaining principal balance ended up being $278,269.47 with accrued interest of $209,891.10.

On November 14, 2022, the Bank sued PSMD to recover all amounts due and owing by the Borrowers under the note and moved for traditional summary judgment contending that PSMD had unconditionally guaranteed payment of the note and had failed to pay the outstanding balance upon proper demand.

PSMD responded with a statute-of-limitations defense. PSMD asserted that the Bank's cause of action had accrued on August 11, 2018, when the Borrowers failed to make any further payments on the note, and that both the Bank's payment demand and its lawsuit's filing occurred more than four years after that date. The Bank countered that its claim was timely filed because it had accrued on October 17, 2022, when the Bank made a demand for payment.[1] The trial court denied the Bank's motion for summary judgment.

PSMD then filed its own summary-judgment motion on its limitations defense. As in its response to the Bank's motion, PSMD argued that limitations barred the Bank's claim because although the claim had accrued when the Borrowers failed to make a payment in August 2018, the Bank did not timely demand payment or file suit until October or November 2022—more than four years later.

---

[1]The Bank did not at that time mention the December 2018 acceleration notice.

The Bank responded and now argued that the claim could not have accrued before December 18, 2018—the date of the Bank's notice of acceleration and demand to the Borrowers and PSMD.[2] The Bank again contended that its suit was timely filed on November 14, 2022, and asked the trial court to reconsider its denial of the Bank's summary-judgment motion.

The trial court granted PSMD's summary-judgment motion and ordered that the Bank take nothing. This appeal followed.

**Standard of Review**

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary-judgment evidence and determine all questions presented. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We should then render the judgment that the trial court should have rendered. *See Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009); *Mann Frankfort*, 289 S.W.3d at 848. A plaintiff is entitled to summary judgment on a cause of

---

[2]The Bank had not discovered the acceleration notice earlier because of its previous counsel's death; it has represented to us that its counsel's files were located in storage only after suit was filed. As the Bank's appellate briefing states, "The Bank's Response to PSMD's Motion for Summary Judgment and Motion to Reconsider Plaintiff's Motion for Summary Judgment . . . added a key piece of evidence to the summary[-]judgment record not previously before the Trial Court: the [December 11, 2018] Notice of Acceleration."

action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant must present summary-judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## Applicable Law

In its sole issue, the Bank argues that the trial court erred by granting PSMD's summary-judgment motion because the Bank's suit was not time-barred.

## A. Guaranty

A guaranty is a person's promise to perform an act that another person is contractually bound to perform. *423 Colony, LTD. v. Indep. Ex'rs of Est. of Kern*, No. 02-18-00032-CV, 2019 WL 2223579, at *2 (Tex. App—Fort Worth May 23, 2019, pet. denied) (mem. op.). There are two types of guaranties: payment (or unconditional) guaranties and collection (or conditional) guaranties. *Id.* The primary difference is whether the guaranty requires the creditor to pursue the principal debtor before it pursues the guarantor for collection of the debt. *Id.* A guaranty of payment does not require the creditor to first pursue the principal debtor. *Id.* Instead, "[a] guarantor of payment is primarily liable; he waives any requirement that the holder of the note take

5

action against the maker as a condition precedent to his liability on the guaranty." *Id.* (quoting *Hopkins v. First Nat'l Bank at Brownsville*, 551 S.W.2d 343, 345 (Tex. 1977)).

The guaranty in this case is titled "Unconditional Guarantee" and by its terms does not require the Bank to seek payment from any other source before demanding payment from PSMD, the guarantor.

## B. Limitations

The parties do not dispute that the applicable period of limitations for the unconditional guaranty is four years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3). The dispute is when the cause of action accrued, which is a legal question for the court to decide. *Moreno v. Sterling Drug,* 787 S.W.2d 348, 351 (Tex. 1990). A cause of action generally accrues at the time when facts come into existence that authorize a claimant to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex. 1990). If demand is an integral part of a cause of action or a condition precedent to the right to sue, the statute of limitations does not begin to run until demand is made, unless the demand is waived or unreasonably delayed. *Wiman v. Tomaszewicz,* 877 S.W.2d 1, 5 (Tex. App.—Dallas 1994, no writ).

## Discussion

Citing *Wiman*, the Bank argues that PSMD's payment obligation began when the Bank made its written demand in December 2018. In *Wiman*, the guaranty stated that "the obligations of the Guarantor shall be performable *upon written demand* of the Lender." *Id.* at 3 (emphasis in original). The court held that a demand to the guarantor

6

was a condition precedent to seeking a judicial remedy against the guarantor and that limitations did not begin to run until demand was made unless demand was waived or unreasonably delayed. *Id.* at 6.

The guaranty signed by PSMD states in the first paragraph titled "GUARANTEE" that:

> Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note *when Lender makes written demand upon Guarantor.* Lender is not required to seek payment from any other source before demanding payment from Guarantor. [Emphasis added.]

Like the guaranty in *Wiman*, the terms of this guaranty stated that PSMD's obligation to pay all amounts due began upon the Bank's written demand. *Id.* at 3.

But PSMD points to the sixth paragraph of PSMD's guaranty titled "RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES," in which the guaranty listed numerous waivers. Among them were that Guarantor waived all rights to "[r]equire presentment, protest, or demand upon Borrower" and that the Guarantor waived notice of "[a]ny default under the Note" and of "[p]resentment, dishonor, protest, or demand." PSMD further waived notice of "[a]ny action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate." PSMD contends that because, under paragraph 6, it had expressly waived the requirement for the Bank to make a written demand or give

7

notice, limitations started to run 30 days after the Borrowers made their last monthly payment in July 2018.

Nothing about these waivers—which were PSMD waivers vis-à-vis the Borrowers, not Bank waivers—invalidates the first paragraph's requirement that the Bank make a written demand upon PSMD. Moreover, limitations did not even start to run against the Borrowers until the Bank followed the requisite steps to accelerate the note, which did not happen until December 2018. *See, e.g.*, *Tapia v. Collins Asset Grp., LLC*, No. 02-20-00129-CV, 2022 WL 325392, at *5 (Tex. App.—Fort Worth Feb. 3, 2022, no pet.) (mem. op.) ("If a note secured by real property contains an optional acceleration clause, limitations does not automatically start to run upon default; an action accrues 'only when the holder actually exercises its option to accelerate' the entire note. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).").

PSMD also argues that the unconditional nature of the guaranty negated the Bank's requirement to make a written demand. Although we agree that because the guaranty was unconditional, PSMD waived any requirement that the Bank take action against the Borrowers as a condition precedent, *see 423 Colony, LTD.*, 2019 WL 2223579, at *2, we do not agree that the unconditional guaranty waived the first paragraph's requirement of a written demand.

In *U.S. v. Vanornum*, the court considered similar language in an SBA guaranty. 912 F.2d 1023, 1026 (8th Cir. 1990). That guaranty stated:

> In case the Debtor shall fail to pay all or any part of the Liabilities when due, whether by acceleration or otherwise, according to the terms of said note, the Undersigned [guarantor], immediately upon the written demand of Lender, will pay to Lender the amount due and unpaid by the Debtor.

*Id.* The court held that under the guaranty's plain language, a written demand was a condition precedent to filing suit and that limitations did not begin to run until a written demand was made upon the guarantor. *Id.* at 1027.

We agree with the Eighth Circuit's decision: the Bank here was required to make a written demand upon PSMD as a condition precedent to filing suit, and the statute of limitations did not begin to run until that demand was made. *Vanornum*, 912 F.2d at 1027; *see also Wiman*, 877 S.W.2d at 5.

PSMD further argues that even if the guaranty required the Bank to make a demand on PSMD, the demand was unreasonably delayed under *Wiman*. 877 S.W.2d at 5–6 (noting that limitations do not begin to run "until demand [was] made, unless . . . demand [was] waived or unreasonably delayed" and holding that three-week delay between acceleration of note and demand to guarantor was not unreasonable). But as with its other arguments, PSMD's contention depends on its incorrect view that any demand requirement would have been triggered on August 11, 2018, when the Borrowers failed to make a payment and upon its related position that the December 2018, demand was unreasonably late. As we have noted, limitations did not accrue as to the Borrowers until the Bank accelerated the note, and acceleration

9

and written demand to PSMD were simultaneously conveyed with the Bank's December 11, 2018 communication. There was no delay.

In short, the statute of limitations began to run on December 11, 2018 when the Bank made a written demand for payment from PSMD. The Bank timely sued PSMD on November 14, 2022, and the trial court erred by granting PSMD's limitations-based summary judgment. We sustain the Bank's sole issue insofar as the trial court erred in granting PSMD's motion for summary judgment. The Bank's undisputed summary-judgment evidence showed that it is entitled to recover on PSMD's Unconditional Guarantee. Therefore, we will render the judgment that the trial court should have rendered, *see Mann Frankfort*, 289 S.W.3d at 848—that the Bank recover the remaining principal balance of $278,269.47 and the accrued interest of $209,891.10.

In its brief, the Bank also requests that we render judgment awarding $22,760 in attorney's fees with an additional $12,500 for each subsequent appeal. We cannot, however, render judgment in the Bank's favor on its attorney's fees. The Bank's trial counsel submitted an affidavit averring that $8,265 was a reasonable and necessary fee through the filing of its motion for summary judgment, that an additional $1,995 would be necessary for additional proceedings on the summary judgment, and that a further $12,500 would be reasonable and necessary for each stage of any subsequent appeal. No billing records were attached.

Although billing records, while "*strongly* encouraged," are not required to prove up attorney's fees, a party seeking its fees must nonetheless present "sufficient evidence" that "includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498, 502 (Tex. 2019). "Without detail about the work done, how much time was spent on the tasks, and how he arrived at the . . . sum, [the attorney's] testimony lacks the substance required to uphold a fee award." *Id.* at 505.

These minimum criteria are lacking here. While the attorney's-fee affidavit listed the general tasks performed in this matter, it did not state the reasonable amount of time needed to perform each of these services. *See Largent v. Cassius Classic Cars & Exotics*, LLC, No. 02-22-00043-CV, 2023 WL 2179465 at *8 (Tex. App.—Fort Worth Feb. 23, 2023, no pet) (mem. op.). The attorney's-fee affidavit further listed anticipated additional fees for preparing for and attending a summary-judgment hearing, but the record does not reflect that the trial court actually held a hearing on either party's motion.

Further, the evidence related to the conditional appellate fees is insufficient. *See id.*; *Wells Fargo Bank, N.A. v. Rodriguez*, No. 02-21-00155-CV, 2022 WL 803839, at *4–5 (Tex. App.—Fort Worth Mar. 17, 2022, no pet.) (mem. op.). The attorney's-fee

affidavit opined only that "$12,500 would be a reasonable and necessary attorneys' fee for each stage of any subsequent appeal." To support a conditional award of appellate attorney's fees, a party must provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and about a reasonable hourly rate for those services. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020). The attorney's-fee affidavit here provides no such testimony. Even though PSMD did not challenge these asserted attorney's fees as unreasonable or unnecessary, the Bank still must carry its burden of proof. *See id.* at 354; *Wells Fargo*, 2022 WL 803839 at *5.

## Conclusion

Having sustained the Bank's sole issue, we reverse the trial court's judgment that the Bank take nothing from PSMD and render judgment for the Bank for the remaining principal balance of $278,269.47 and the accrued interest of $209,891.10. We remand the issue of the Bank's attorney's fees for proceedings consistent with this opinion.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: May 2, 2024

12