GUAM SASAKI CORPORATION, d/b/a
Julale Shopping Center,
Plaintiff/Appellee,

v.

DIANA'S INC., Defendant/Appellant.

Nos. 88–1889, 88–2611.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 1988.

Decided Aug. 2, 1989.

David A. Mair, Mair, Mair, Hogan & Spade, Agana, Guam, for defendant-appellant.

Katherine A. Maraman, Agana, Guam, for plaintiff-appellee.

* Honorable Alan C. Kay, United States District Judge for the District of Hawaii, sitting by desig-

Before O'SCANNLAIN and TROTT, Circuit Judges, and KAY,* District Judge.

KAY, District Judge:

## JURISDICTION

The jurisdiction of the United States District Court for the District of Guam over this case derives from 48 U.S.C. § 1424–3(a). Our jurisdiction over this appeal is grounded on 48 U.S.C. § 1424–3(c).

## BACKGROUND

Appellee Guam Sasaki Corporation filed a four-count complaint against Diana's Inc. in the Guam Superior Court in 1985. All counts of the complaint related to Guam Sasaki's role as Diana's landlord. Count I sought damages for breach of a covenant to leave the premises in good condition. Count II claimed damages for accrued rentals, charges and fees. Count III asked for compensation for reasonable value of the use of the premises. Count IV requested issuance of a warrant for removal of appellant from the premises. Diana's promptly filed an answer and counterclaim. A motion to dismiss Count IV was granted. Subsequently, the court granted Diana's motion for partial summary judgment, effectively disposing of Counts I and II. Approximately one year after the complaint had been filed, the parties stipulated to summary judgment on Count III provided Guam Sasaki was allowed to file an amended complaint. A judgment on Counts I, II, and III was entered on February 26, 1986, and a stipulation dismissing the counterclaim was entered the following day. No claims remained.

Guam Sasaki filed an amended complaint on March 4, 1986, after which Diana's filed an answer and counterclaim. Diana's then moved to dismiss the amended complaint,

nation.

arguing that it was inappropriate because there was no complaint left to amend. Guam Sasaki responded that the stipulation provided sufficient legal basis for filing the amended complaint, and the superior court agreed, denying Diana's motion to dismiss on December 12, 1986. Diana's appealed that ruling to the district court's appellate division ("Appellate Division") on December 24 ("first district court appeal").

On February 26, 1987, Guam Sasaki filed a motion in the superior court asking that court to request a remand from the Appellate Division and to vacate the stipulated judgment disposing of Counts I, II, and III, arguing for the first time that the stipulated judgment was not sufficient to allow it to file an amended complaint. Diana's then moved the Appellate Division to stay the first district court appeal, stating by affidavit that "in the event that this Court should deny appellee's motion for an order of remand, or in the event that jurisdiction over this appeal should be returned to this Court following such a remand, appellant's counsel will petition the Court to set a new briefing calendar." The Appellate Division stayed the briefing requirements for the first appeal pending determination of the motion for remand.

The matter was remanded to the superior court, and on July 13, 1987, that court granted Guam Sasaki's motion to vacate the stipulated judgment. Diana's appealed the order to the Appellate Division ("second district court appeal"). In the course of filing its later appeal, Diana's neglected to file a separate order for transcripts from the court reporter for inclusion in the record to be sent to the Appellate Division. The parties agreed among themselves that resolution of the first district court appeal should await resolution of the second district court appeal. However, neither party so moved in the Appellate Division and Diana's failed to submit a new briefing schedule to that court.

On September 8, 1987, Guam Sasaki filed motions to dismiss both district court appeals, arguing that Diana's failed to prosecute the first and improperly filed the second. The Appellate Division agreed and dismissed both appeals. Diana's timely appeals the dismissal of these appeals.

Diana's argues that the Appellate Division improperly dismissed the first district court appeal for failure to follow a court order issued pursuant to Rule 15(d)(1) of the Local Rules of Appellate Procedure and Rule 31(c) of the Federal Rules of Appellate Procedure. Diana's also argues that the Appellate Division improperly dismissed the second appeal for failure to comply with filing requirements in Rule 8 of the Local Rules of Appellate Procedure.

## DISCUSSION

### I. Standard of Review

Citing *Guam v. Yang*,[1] both parties argue in their briefs before this court that we should review the district court's interpretation of its rules of appellate procedure de novo. *Yang*, however, determined only the standard of review for the Appellate Division's treatment of local Guam law, not the Appellate Division's interpretations and applications of its own local rules.

A district court has discretion to adopt local rules that are necessary to conduct its business. *Frazier v. Heebe*, 482 U.S. 641, 645, 107 S.Ct. 2607, 2610, 96 L.Ed.2d 557 (1987). We afford a high degree of deference to local rules and to district court decisions which are designed to delineate local practice and define the local rules. In *Miranda v. Southern Pac. Transp. Co.*, 710 F.2d 516 (9th Cir.1983), we reaffirmed that "[d]istrict courts have broad discretion in interpreting and applying their local rules." *Id.* at 521 (citing *Lance, Inc. v. Dewco Services, Inc.*, 422 F.2d 778, 783–84 (9th Cir.1970)); *see also United States v. DeLuca*, 692 F.2d 1277, 1281 (9th Cir.1982) ("Because general orders and local rules not only implement due process and other statutory rights but also promote efficiency, we permit the district court broad discretion in determining their requirements.") (citing *United States v. Simmons*, 476 F.2d 33, 35 (9th Cir.1973)).

1. 850 F.2d 507 (9th Cir.1988) (en banc).

Therefore, in reviewing rulings of the district court regarding local practice and local rules, the appropriate standard of review is abuse of discretion.

## II. Exercise of Discretion in this Case

### A. *The First District Court Appeal*

■ As we mention above, in the first district court appeal the Appellate Division stayed briefing requirements for Diana's only until it had ruled on Guam Sasaki's motion for remand. Even after the Appellate Division had granted the remand, however, Diana's failed to submit a new briefing schedule. Guam Sasaki therefore moved for dismissal of the first district court appeal on the grounds that Diana's violated Local Rule 15(d)(1) and its almost identically worded federal counterpart, Rule 31(c) of the Federal Rules of Appellate Procedure, and additionally, violated a court order issued pursuant thereto. Both rules state that if an appellant fails to file his brief "within the time provided by this Rule, *or within the time as extended,*" an appellee may move for dismissal of the appeal (emphasis supplied).

Diana's argues that it violated neither rule since no briefing schedule was in effect. However, the portion highlighted above clearly provides that dismissal is appropriate if appellant fails to file within the time as extended by a court. It was not unreasonable for the Appellate Division to construe its stay as postponing for a specific period the deadline for Diana's to file a schedule and subsequent brief. The Appellate Division's order provided that the time for filing would be stayed only until resolution of the lower court proceedings and thus at that time a duty arose in the appellant to file a briefing schedule. Diana's cannot use its own failure to submit a briefing schedule as a shield from the very duty it is charged with breaching. One cannot avoid a timeliness requirement by simply refusing to submit the schedule by which timeliness is to be measured.

■ The Appellate Division need not rely solely on the aforementioned rules of procedure to support its dismissal, because the order was clear on its face in requiring

action by Diana's after the lower court proceedings concluded. This Circuit has held that a district court may dismiss an action for failure of a party to obey an order of the court. "[O]ur court has recognized an inherent power of the trial court to dismiss in order to protect the integrity of its orders." *Fendler v. Westgate–California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975) (citing *O'Brien v. Sinatra*, 315 F.2d 637 (9th Cir.1963)). Dismissal for failure to comply with an order is within the discretion of the trial judge. *Fendler*, 527 F.2d at 1170 (citing *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047 (9th Cir.1971), *cert. denied*, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972)). In its opinion dismissing the appeal, the Appellate Division cited its February, 1988 order which "specifically stated that this matter is stayed 'pending determination by this Court of the motion of plaintiff-appellee ... for an order remanding the cause to the Superior Court of Guam.'" The order staying the appeal was unambiguously designed for one purpose only, completion of proceedings below. The Appellate Division found it clear that the Superior Court had completed action upon the motion of appellee. The Appellate Division appears to have acted properly to enforce its order and dismiss the appeal.

Diana's responds that the appeal was already stayed and that there was no need to move subsequent to conclusion of proceedings in the lower court for a further stay in order to await the outcome of the second appeal. This argument ignores the expressly conditional nature of the allowance made by the Appellate Division and appellant's own affidavit in which counsel swore to perform the very act now claimed to be irrelevant.

■ Likewise, Diana's argument that the stayed appeal was "conditionally moot" is unhelpful. Diana's posits that depending on the outcome of its second district court appeal the amended complaint and the first district court appeal might have become moot. However, an appellant cannot simply ignore an existing duty because it

opines that duty might dissolve in the future. The appropriate course would have been for Diana's to comply with the Appellate Division's stay and file the new briefing schedule at the close of the proceedings in Superior Court, or file a motion to extend the stay beyond the period specified in the court order, and then to file a motion to dismiss if the appeal became moot.

## B. *The Second District Court Appeal*

Guam Sasaki moved for dismissal of the second appeal in the Appellate Division on the ground that Diana's failed to comply with the provisions of Rule 8 of the Local Rules of Appellate Procedure.

In granting Guam Sasaki's motion, the Appellate Division cited three separate omissions by Diana's: Diana's failed to file its designation of record at the proper time; it failed to file an independent order for transcript or certificate stating it would file no such order; and it failed to ensure that the transcript was timely forwarded to the Appellate Division. Rule 8(s) notifies appellants that the appropriate sanction for failure to comply is dismissal.

Diana's concedes that it failed to file the designation of record at the proper time.

■ However, Diana's contests the finding that it failed to comply with the requirement of ordering a transcript from the court reporter.[2] Diana's argues that it complied with that requirement by including the order for transcripts in its prematurely filed designation of record. The Appellate Division found that Diana's did not comply with this rule, holding that the requirement of ordering a transcript is independent from the requirement of filing a transcript, and thereby implying that not

only are the requirements independent, but the filings must be as well. This interpretation of Rule 8(c) is supported by a plain reading of both that Rule and Rule 8(h).[3] Rule 8(h) clearly requires that parties' designations be filed together with their briefs, and Rule 8(c) requires that the order for transcripts, or the certificate stating no order will be filed, must be submitted within ten days of filing the notice of appeal. Since the briefs clearly are not due within ten days of filing the notice of appeal, it is evident that the rules contemplate separate filings of the order for transcripts and the designation of record. Diana's failed to act accordingly.

As for Diana's failure to ensure timely compliance with the local rules, the Appellate Division stated that as of the date of issuance of the Order dismissing the appeal, it still had not received the transcript of proceedings below, a time lapse of more than six months from the date of the notice of appeal. The Appellate Division held that "[e]ven if this Court were to find that the Designation of Record satisfies the requirements under Rule 8 the appellant has failed to meet its obligation to ensure that the transcript be timely forwarded. This failure alone would be [a] sufficient basis to dismiss the appeal."

■ Diana's argues that the transcript was already prepared for an earlier proceeding and that its only obligation under the local rules was to ensure such preparation, not timely transmittal to the Appellate Division by superior court employees. However, the Affidavit of Cecilia Flores submitted by Diana's does not support this contention. She states that as of September 16, 1987, seven days after Guam Sasaki filed the motion to dismiss the appeal,

---

**2.** Rule 8(c)(1) provides that "Within ten (10) days after filing the notice of appeal, the *Appellant shall order in writing from the court reporter a transcript* of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.... If no transcripts are to be ordered in either a civil or criminal appeal, the Appellant shall file a *certificate* to that effect in both the Superior Court and the District Court within ten (10) days after filing the notice of appeal.... (4) At the time of ordering, a party must make satisfactory arrangements with the court reporter for payment

of the costs for the transcript" (emphasis supplied).

**3.** Rule 8(h)(1) provides that "All parties filing briefs shall file a designation of the clerk's record with the clerk of the Superior Court and serve a copy on all parties. The designation shall specify those portions of the file to which the parties referred to in their briefs. (2) The *parties shall serve and file their designation upon service of their briefs*" (emphasis supplied).

"[p]ursuant to the designation of record the office of the court reporter is *now* in the process of transcribing these proceedings and they will be supplied to the District Court" (emphasis added). The affiant asserts that the transcription was occurring fully two months after the notice of appeal was filed and five days after the transcripts should have been filed, thus the transcripts were not prepared in a timely fashion for purposes of the appeal.

Furthermore, the Appellate Division interprets Rule 8(q) as placing a duty on appellants to ensure not only the timely preparation of the court record but also its timely transmittal.[4] That construction is not unreasonable under a fair reading of the rule, which refers to appellant's duty to ensure that the superior court employees make requests for extensions of time within the time limits as prescribed under "these rules." Because of the plural nature of the phrase "these rules," the district court could fairly interpret the provision to require appellants to ensure timely compliance with not just the preparation of transcripts, but with all rules regulating the appeal, including timely transmittal of transcripts. Moreover, Rule 8(s) explicitly refers to filing rather than preparation when it states that "if an appellant fails to file a timely record," the appeal may be dismissed. That provision alone gave Diana's adequate notice of the full extent of its obligations. The rules have placed the burden of timely preparation *and* filing on the appellant, not on the employees of the court or any other party.

■ Diana's argues that even if it violated the local rules, dismissal was not an appropriate sanction. Diana's relies on *Walker v. Matthews*, 546 F.2d 814 (9th Cir.1976) for the proposition that absent prejudice to the appellee, dismissal for vio-

lation of appellate rules is inappropriate. However, when it observed that "not every appeal" which fails to comply with the time requirements of the Appellate Rules must be dismissed, the *Walker* Court implicitly stated that some cases are ripe for dismissal where appellants violate such rules. *Id.* at 818, n. 3. More importantly, *Walker* involved a decision by the Ninth Circuit not to exercise its discretion to dismiss for violation of rules in that case. In the instant appeal, we deal not with what we might decide is the best sanction for violation of our Appellate Rules, but rather whether the district court properly acted in applying its own Appellate Rules. *See Nat'l Hockey League v. Metro. Hockey Club, Inc*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam); *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1331 (9th Cir.1981) (the question is not whether the Court of Appeals would as an original matter have dismissed the action), *overruled on other grounds, Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir.1988).

The relevant rules in this case clearly provide for dismissal. It is for the court in which a case is pending to determine what departures from statutory prescription or rules of court are so slight and unimportant that the sensible treatment is to overlook them. *Allen v. United States Fidelity & Guar. Co.*, 342 F.2d 951, 954 (9th Cir.1965). The Appellate Division stated that the effect of Diana's violations of local rules was to "disrupt the appellate process" and the record as explored above supports this conclusion. Diana's failure to file papers at the proper times at several junctures and its failure to ensure the overall timeliness of the proceedings left the appeal to stagnate for a period over twice that which was allowed by the normal appellate process as set forth in the rules.[5]

---

4. Rule 8(q) provides that "It shall be the *duty of the appellant* to make certain that the employees of the Superior Court prepare the record in a timely manner. Motions for extension of time should be made by the court reporter or the clerk of the Superior Court; however, it is the duty of the appellant to make certain that the Superior Court employees make such requests for extensions within the time limits as prescribed under these rules" (emphasis supplied).

5. As for appellant's failure to file transcripts, the entire process halted because procedures hinging on preliminary actions were not triggered. For example, Rule 8(k) provides that "... Upon the filing of the reporter's transcript, or upon the receipt of a certificate that no trial transcript will be ordered, the clerk of the Superior Court shall file a certificate with the Clerk of the District Court stating that the record is ready for the purposes of the appeal."

Several circuits have dismissed appeals under similar circumstances for failure to timely comply with appellate rules. *See Louisiana World Exposition, Inc. v. Logue,* 746 F.2d 1033, 1037–38 (5th Cir.1984); *Hickman Garment Co. v. NLRB,* 497 F.2d 1339, 1340 (6th Cir.1974).

We have little sympathy with Diana's complaint that the dismissal of its two appeals by the superior court was a "draconian ruling." To the contrary, the superior court was simply taking appropriate measures after multiple violations of its rules by Diana's which disrupted the schedule and practice of the court. Further, the net effect of the dismissals was to place the parties again at the trial stage for a determination of the merits of the case. On the other hand, the very purpose of Diana's appeals was to preclude Guam Sasaki from filing an amended complaint, a purpose contrary to the spirit and effect of a stipulation between the parties that such an amended complaint could be filed.

Diana's frequent claim that compliance with one or another of the rules was unnecessary or irrelevant is hardly an approach to be condoned or tolerated by this court or by the Appellate Division, and the argument that Guam Sasaki suffered no prejudice ignores the injury to the court itself caused by Diana's repeated failure to comply with appellate procedures mandated by the Appellate Division. The Appellate Division had discretion to dismiss these appeals and properly exercised that discretion.

AFFIRMED.