53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lawrence MOORE, Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 569;
Tom Pridemore; Jim Aylsworth; International Brotherhood of
Electrical Workers, JJ Barry; Neca; Ron Cooper; Dave
Raspolich; James Fuller; Fischbach & Moore, Inc.,
Defendants-Appellees.
 No. 94-55876.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1995.*
Decided May 8, 1995.
 
 Before: McKAY,** REINHARDT, and FERNANDEZ, Circuit Judges.
 
 MEMORANDUM***
 
 1
 Lawrence Moore appeals the district court's dismissal of his action which alleged that his union, Local 569 of the International Brotherhood of Electrical Workers, and his old employer, Fischbach & Moore, Inc., wrongfully limited his right to sue in violation of the Labor Management Reporting and Disclosure Act, 9 U.S.C. Sec. 411(a)(4), had breached their contract in violation of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and were additionally liable for conspiracy, fraud, and intentional infliction of emotional distress. We affirm in part and reverse in part.
 
 A. The low number transfer of this case
 
 2
 Pursuant to the Southern District of California's Local Rule 40.1(e), this case was low numbered to the judge who presided over a previous action filed by Moore against his union and employer for breach of a collective bargaining agreement and violations of the LMRDA and LMRA. That rule is designed to conserve judicial resources and it was appropriately implemented in the instant case. It does not confer upon litigants the right to appear before a particular judge. See Guam Sasaki Corp. v. Diana's Inc., 881 F.2d 713, 715 (9th Cir.1989) (this court accords deference to district courts' "local rules and ... district court decisions which are designed to delineate local practice and define the local rules").
 
 B. The motion for recusal
 
 3
 When the judge who was assigned this case through the low-number process recused himself because he had been sued by Moore in a separate action, the case was randomly assigned to Chief Judge Judith N. Keep. Moore contends that Judge Keep erroneously denied his motion for her recusal on the ground that she had entertained a previous case that he had filed against his union. In that case Judge Keep had noted that Moore's lawsuits were becoming a "hassle" and a "pain" to Moore's opponents. She also recognized their frustration.
 
 
 4
 Judge Keep's observations do not give rise to a valid claim for recusal since they do not reveal a high degree of favoritism or antagonism. See Liteky v. United States, --- U.S. ----, 114 S.Ct. 1147, 1157, 127 L.Ed.2d (1994). At most, they are merely expressions of impatience or dissatisfaction. That does not constitute a reason for recusal. Id.
 
 C. J.J. Barry's dismissal
 
 5
 The district court dismissed J.J. Barry for lack of personal jurisdiction. Moore's claim on appeal is that he never intended to sue Barry in his personal capacity, and that the district court's dismissal shows her bias against Moore. The claim is meritless.
 
 
 6
 Barry submitted a declaration which established the facts necessary to determine that he did not have minimal contacts with California. See Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484-1490 (9th Cir.1993). Consequently, the district court did not err when it dismissed the case against him for lack of personal jurisdiction. Id. The district court's ruling did not lend itself to a claim of judicial bias. A judicial ruling alone will rarely give rise to a valid claim for recusal. Liteky, --- U.S. at ----, 114 S.Ct. at 1157. Furthermore, Judge Keep made absolutely no statement in her ruling regarding the dismissal of Barry which showed any form of favoritism or antagonism toward Moore.
 
 D. The dismissal on res judicata grounds
 
 7
 In Southern District of California District Court Case No. CV87-0172B, the parties had litigated the question of whether Moore was obligated to pay attorney's fees pursuant to a provision in the collective bargaining agreement. In that case, the district court determined that Moore was obligated to pay fees under the fee provision. The district court dismissed this action on res judicata grounds because Moore's claim here and the claim in case number 87-0172B centered on the same provision of the collective bargaining agreement.
 
 
 8
 We need not decide whether the district court properly applied res judicata principles. That is because in Moore v. Local 569, Int'l Bhd. of Elec. Workers, No. 93-56717 (9th Cir.1995), filed on the same day as this disposition, we have reversed the district court's determination in 87-0172B. Thus, the district court's determination in this case must also fall.
 
 E. Attorney's fees on appeal
 
 9
 Local 569 and NECA request attorney's fees incurred in this appeal. This court has discretion to award attorney's fees as a sanction for bringing a frivolous appeal. See Glanzman v. Uniroyal, 892 F.2d 58, 61 (9th Cir.1989). Moore's appeal had merit. Consequently, the request for fees is denied.
 
 
 10
 Therefore, we affirm in all respects other than dismissal of Moore's complaint on the ground of res judicata, as to which dismissal we reverse and remand for further proceedings.
 
 
 11
 AFFIRMED in part; REVERSED in part and REMANDED. The parties shall bear their own costs on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Monroe G. McKay, Senior United States Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3