Manuel S. **Villagomez**,
Plaintiff/Appellee,
v.
Antonio P. **Sablan**, Gabriel P. Sablan, and Gregorio P. Sablan, Defendants/Appellants.

Appeal No. 94-037
Civil Action No. 93-0822
Order of Dismissal
June 12, 1996

Counsel for appellants: Antonio P. Sablan, Gabriel P. Sablan and Gregorio P. Sablan, pro se, Saipan.

Counsel for appellee: John A. Manglona, Saipan.

BEFORE: TAYLOR, Chief Justice, and LAMORENA and MACK, Special Judges.

TAYLOR, Chief Justice:

On March 29, 1996, the appellee, Manuel S. Villagomez, moved for dismissal of this action pursuant to Com. R. App. P. 42(c). The motion is based on the failure of the appellants, Antonio P. Sablan, Gregorio P. Sablan and Gabriel P. Sablan, to prosecute this appeal, despite the Court's repeated warnings and repeated opportunities for the appellants to correct past procedural mistakes. We grant the motion for dismissal.

## PROCEDURAL HISTORY

The appellants are acting pro se. This appeal was filed on September 26, 1994. Thereafter, the appellants filed a "Motion for Retrial at the Superior Court." This Court denied the motion, explaining that the Rules of Appellate Procedure must be followed for all appeals. The Court's order denying the motion states: "The Court realizes that appellants are not represented by counsel and may not be familiar with the Court rules; these facts, however, do not excuse them from compliance." *Villagomez v. Sablan*, App. No. 94-037 (N.M.I. Sup. Ct. Nov. 29, 1994) (Order Denying Motion for Retrial at Superior Court at 1-2).

On April 11, 1995, the appellee, Manuel S. Villagomez, moved to dismiss this appeal for failure of the appellants to order a transcript of proceedings in the Superior Court or certify that none was necessary under Com. R. App. P. 10(b)(1). On the same date, this Court issued its first order to show cause, asking the parties why the appeal should not be dismissed for failure to prosecute under Com. R. App. P. 42(c). *Villagomez, supra* (Apr. 11, 1995) (Order to Show Cause Why the Appeal Should not be Dismissed). That order reiterated the Court's caution to the appellants regarding failure to comply with the Rules of Appellate Procedure. *Id.* On May 3, 1995, the appellants responded to the motion to

dismiss and the order to show cause by filing a "Transcript Designation and Order Form" designating "the whole testimony" of the two-day trial in this matter for transcription. Response to Motion to Dismiss (attaching Transcript Designation and Order Form). The Superior Court filed a certificate of record with this Court on June 26, 1995. However, the appellants took no further steps to ensure that the transcript was actually prepared.

On December 22, 1995, it appearing that the transcript had still not been prepared, this Court issued a second order to show cause. *Villagomez, supra* (Dec. 22, 1995) (Second Order to Show Cause Why the Appeal Should Not Be Dismissed). The Court took pains to explain to the appellants the seriousness of their repeated failure to assemble an appropriate record on appeal:

> Under Commonwealth law, violations of Com. R. App. [P]. 10(b)(2) are grounds for sanctions, including, in extreme cases, dismissal of an appeal. *In re Estate of Deleon Castro*, [4 N.M.I. 102, 108 (1994)]. Likewise, Federal courts interpreting counterpart Federal Rules of Appellate procedure have dismissed appeals where an appellant challenges a trial court's findings but does not provide a transcript on appeal. *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991); *Guam Sasaki Corp. v. Diana's, Inc.*, 881 F.2d 713, 717 (9th Cir. 1989).

> Appellants here are proceeding pro se. This Court has twice cautioned them that the Rules of Appellate Procedure must be followed by all parties, regardless of whether they have an attorney. *See* Order Denying Motion for Retrial at Superior Court (Nov. 29, 1994); Order to Show Cause Why the Appeal Should not be Dismissed (Apr. 11, 1995).

> Nevertheless, this Court will provide Appellants one more opportunity to explain or correct the procedural errors in their appeal. Accordingly, Appellants are ordered to show this Court why it should not dismiss this appeal for failure to comply with the Commonwealth Rules of Appellate Procedure as described herein. Appellants' response to this Order to Show Cause shall be due on January 8, 1996. Appellee shall have an opportunity to file an opposition memorandum, which shall be due on January 12, 1996. Both parties' submissions shall be confined to the matters raised by Appellant's Motion to Dismiss and this Order to Show Cause; they shall not discuss the merits of this appeal.

*Id.* at 3-4. In response, on January 2, 1996, the appellants sought and obtained from the Superior Court a sixty-day extension of time in which to file a transcript.[1]

A hearing on the Court's second order to show cause was held on January 15, 1996. At the hearing, the Court agreed to give the appellants a final opportunity to cure their past failures to assemble the record on appeal. The Court issued an order on that same date, summarizing its ruling from the bench:

> Appellants have repeatedly professed reliance on Court personnel as the basis for their failure to follow the applicable Rules of Appellate Procedure in this matter. The Court cautions Appellants that it is their responsibility to become aware of the applicable Rules and ensure compliance with them. Their pro se status does not excuse failure to comply with the Rules. In particular, Com. R App. P. 11(a) requires an appellant to take all actions necessary to assemble the record on appeal. Appellants here have not discharged this duty. Nevertheless, despite Appellants' repeated failures to comply with the Rules, the Court will grant them one final, limited opportunity to assemble the record on appeal.

> . . . The Superior Court is authorized to supplement the record with the transcript of the trial in this matter, provided that the transcript is completed within the sixty day period established by that Court's Extension of Time to File Transcript. Appellants shall ensure that a supplementary Certificate of Record is filed by the Superior Court by March 4, 1996.

> . . . Appellants must also comply strictly with Com. R. App. P. 30 in submitting excerpts of record containing the relevant portions (and only the relevant portions) of the transcript to this Court by March 4, 1996. No further briefing by Appellants is authorized.

> . . . Appellee may, if desired, submit supplemental excerpts of record and/or file a

---

[1] *Villagomez v. Sablan*, Civ. No. 93-0822 (N.M.I. Super. Ct. Jan. 2, 1996) (Extension of Time to File Transcript); Answer: Why the Appeal Should Not Be Dismissed?, Appeal No. 94-037 (N.M.I. Sup. Ct. filed Jan. 5, 1996). The appellants' memorandum, despite the order's clear instruction not to address the merits of the appeal, was largely devoted to the appellants' view of the merits, and did not provide any valid excuse for the lengthy delay in preparing the transcript. At the hearing, the Court ordered that the improper portions of the memorandum be stricken.

supplemental brief concerning the newly-supplemented record. Such supplemental submissions shall be due on March 15, 1996.

. . . This Court shall retain jurisdiction over this matter during the period of remand. In the event that Appellants fail to carry out in a timely fashion any of the actions required of them by this Order, this matter will again be considered for dismissal for failure to prosecute the appeal, pursuant to Com. R. App. P. 42(c).

*Villagomez, supra* (Jan. 15, 1996) (Order at 1-2) ("January 15 order"). On March 5, 1996, the Superior Court filed its new certificate of record, which showed that the transcript of proceedings had been completed and filed at the Superior Court on February 9, 1996.

To date, no excerpts of record have been filed with this Court. Instead, on March 7, 1996, the appellants filed an "Extension of Time to File Transcript," requesting an additional seven days to complete this filing. As grounds for this request, the appellants state:

Both Marian D. Calvo and I (Antonio) misunderstood of where to file the transcript. The transcript was filed since February 9, 1996 at the Superior Court which was supposed to be at the Supreme Court.

Another thing, we did not quite understand that only the relevant parts to be filed so we would like to apologize for that error.

Extension of Time to File Transcript. The appellee's renewed motion for dismissal followed on March 29, 1996.

## ANALYSIS

■ As the Court has repeatedly stressed to the appellants, Com. R. App. P. 11 places upon them the duty to assemble the record on appeal. Moreover, violations of Com. R. App. P. 10(b)(2) may in extreme cases warrant dismissal. *In re Estate of Deleon Castro*, 4 N.M.I. 102, 108 (1994); *see also Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991); *Guam Sasaki Corp. v. Diana's, Inc.*, 881 F.2d 713, 717 (9th Cir. 1989). At this juncture, the time limits set forth in this Court's January 15 order have passed, and the appellants have still not provided us with the excerpts of record which are necessary to any meaningful review of the merits of this appeal. Their most recent request for an extension of time comes after the March 4 deadline clearly set forth in the Court's January 15 order.

■ Any one of the appellants' failures to comply with particular deadlines or adhere to particular orders, taken in isolation, would not warrant dismissal. Certain other errors, such as the improper filing of a motion for retrial, or arguing the merits in a brief when expressly instructed not to, amount to technical errors which, standing alone, do not affect the validity of the appeal. *See Lucky Dev. Co., Ltd. v. Tokai U.S.A., Inc.*, 2 N.M.I. 81, 86-87 (1991). Nevertheless, there comes a time when the Court must view the appellants' actions as a whole and must address repeated, unexcused and prejudicial violations of our rules.

■ The appellants were cautioned in the Court's January 15 order that they were being given "one final, limited opportunity" to present an adequate record on appeal. *Id.* at 2. The order listed the actions the appellants were to take and provided clear deadlines by which they were to be taken, among them that they must "comply strictly with Com. R. App. P. 30 in submitting excerpts of record containing the relevant portions (and only the relevant portions) of the transcript to this Court by March 4, 1996." *Id.* In justifying their failure to do so, appellants claim that "we did not quite understand that only the relevant parts to be filed." Extension of Time to File Transcript. The fact that the appellants are acting pro se does not explain or justify this failure to follow the plain, express language of the Court's January 15 order. Moreover, coming on the heels of the appellants' series of other procedural lapses, this latest error creates grave doubts in our mind that appellants will follow future procedural requirements relating to prosecuting this appeal.

An additional factor in favor of dismissal is that the appellants' failure to meet the deadline, like other past failures in this case, is prejudicial to the appellee, who was required by the Court's January 15 order to file a responsive brief in this matter by March 15, 1996. Allowing the extension requested by the appellants would have afforded the appellee only one day to do so. In a more fundamental sense, the appellants' conduct of this appeal has created one delay after another in the final disposition of this matter. According to the unsworn statement of appellee's counsel (unrebutted by the appellants), the appellants have continued to occupy the land which is the subject of this lawsuit. Memorandum in Support of Motion to Dismiss Appeal at 7. Regardless of which party now occupies the land, the appellants have unreasonably frustrated the ultimate resolution of the question of its ownership. It may be said that another seven days will not change significantly the positions of the parties. But the appellants' unwillingness or inability to follow the most express orders of this Court gives us grave doubts that the seven days' delay sought here will

be the end of the matter. Moreover, repeated and unexcused rule violations are disruptive and prejudicial to the Court itself. *See Guam Sasaki Corp.*, 881 F.2d at 717. Com. R. App. P. 42(c) authorizes dismissal in extreme cases. We regretfully conclude that the appellants' failure to move this case along has become extreme.

## CONCLUSION

For the foregoing reasons, this appeal is hereby **DISMISSED** with prejudice.

---

MACK, Special Judge, dissenting:

I concur with the majority's holding that dismissal of this action is completely justified under the circumstances of this case. However, despite the appellants' repeated failures to comply with the Rules of Appellate Procedure, I would nevertheless allow their appeal to proceed on the merits. Filing the excerpts of record is the last step required of appellants before the appeal would be ready for hearing. This is a relatively simple task which I believe the appellants can do. I would not close the door when we have been patient this far. Therefore, I respectfully dissent from the order of dismissal.