87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell D. SMITH, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY OF
BLOOMINGTON, ILLINOIS, An Illinois Corporation,
Defendant-Appellee.
 No. 94-35999.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell Smith appeals pro se the district court's summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). Smith alleged that State Farm abused the legal process and violated his constitutional rights by wrongfully bringing a default order against him, which prevented him from renewing his Oregon driver's license for several months. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Smith contends that the district court erred by granting summary judgment for State Farm because State Farm failed to comply with Local Rule 220-9, which requires the parties to include a separate statement of facts when moving for summary judgment. This contention lacks merit.
 
 
 4
 We review a district court's application of its local rules for abuse of discretion. Guam Sasaki Corp. v. Diana's Inc., 881 F.2d 713, 716 (9th Cir.1989). "Although noncompliance with local rules is not itself sufficient reason to reverse, noncompliance which prejudices the losing party may be." Alfred M. Lewis, Inc. v. Holzman (In re Telemart Enterprises, Inc.), 524 F.2d 761, 766 (9th Cir.1975), cert. denied, 424 U.S. 969 (1976).
 
 
 5
 Here, Smith moved to dismiss State Farm's motion for summary judgment based upon its failure to provide a separate statement of facts, as required by Local Rule 220-9. The magistrate judge noted that, pursuant to Local Rule 100-3, a judge may dispense with a local rule in a particular case. The magistrate judge found that State Farm's submissions were sufficient to apprise the court and Smith as to the facts and evidence relied upon for the determination of the summary judgment motion. We can discern no way in which the magistrate judge's noncompliance with Local Rule 220-9 prejudiced Smith. See Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 342 n. 1 (9th Cir.), cert. denied, 114 S.Ct. 95 (1993); see also Houston v. Bryan, 725 F.2d 516, 517-18 (9th Cir.1984). Accordingly, the district court did not abuse its discretion in permitting this noncompliance with the local rules. See Gerritsen, 989 F.2d at 342 n. 1; Guam Sasaki, 881 F.2d at 716.
 
 
 6
 Next, Smith contends the district court erred by concluding that there was no triable issue of fact as to whether State Farm was liable under section 1983. This contention lacks merit. To establish a section 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). A private party may act under color of state law if it willfully participates in joint action with state actors to violate the plaintiff's constitutional rights. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Taylor v. List, 880 F.2d 1040, 1048 (9th Cir.1989).
 
 
 7
 Here, Smith failed to set forth any facts which tended to show that State Farm, a private corporation, conspired with state actors to deprive Smith of his Oregon driver's license. See Taylor, 880 F.2d at 1048. Because State Farm was neither a state actor nor acting under color of state law, it is not amenable to suit under 42 U.S.C. § 1983. See Karim-Panahi, 839 F.2d at 624; see also Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir.), (per curiam) (invoking state legal procedures is not sufficient to satisfy section 1983's state action requirement), cert. denied, 488 U.S. 995 (1988). Accordingly, the district court properly granted summary judgment on the section 1983 claim. See Taylor, 880 F.2d at 1048.
 
 
 8
 To the extent Smith appeals from the district court's summary judgment on his state claim of abuse of the legal process, we affirm for the reasons stated in the magistrate judge's findings and recommendations filed August 5, 1994, as adopted by the district court on September 16, 1994.
 
 
 9
 We have considered additional arguments submitted by Smith, and find them to be wholly without merit.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Smith's "Request to Submit Written Argument in Lieu of Oral Argument," received September 20, 1995 is hereby denied