113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Tarlochan SINGH, aka: T. Singh; dba: Dr. Singh and
Associates, Debtor.
Kenneth E. HAGEN; Kenneth E. Hagen, Inc., Appellants,
v.
Tarlochan SINGH, aka: T. Singh; dba: Dr. Singh and
Associates; United States Trustee; Charles W.
Daff, Trustee, Appellees.
 No. 96-55018.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.*
Decided May 14, 1997.
 
 1
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel No. CC-94-02132-HBO; Hagen, Brandt, and Ollason, Judges Presiding.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: PAMELA ANN RYMER and SIDNEY R. THOMAS, Circuit Judges, and OWEN M. PANNER**, Senior District Judge.
 
 
 4
 MEMORANDUM***
 
 
 5
 The parties are familiar with the facts and procedural history of this case and we will not repeat it here. We have thoroughly reviewed the record and the briefs and conclude that the reasoning of the Bankruptcy Appellate Panel ("BAP") is sound. The determination of whether Appellants Kenneth E. Hagen and Kenneth E. Hagen, Inc. (collectively "Hagen") were prejudiced by the ex parte communication turns on an interpretation of the Local Bankruptcy Rules, Central District of California ("Local Rules"). Both the Bankruptcy Court and the BAP have concluded that Hagen violated the Local Rules requiring submission of a response five days prior to the automatic stay hearing. Because Hagen violated the Local Rules, he was not entitled to have a hearing on the merits and was not prejudiced by the ex parte communication.
 
 
 6
 We give great deference to a court's interpretation of its own rules. Guam Sasaki Corp. v. Diana's, Inc., 881 F.2d 713, 715 (9th Cir.1989). After giving proper deference and independently examining the Local Rules, we conclude that the Bankruptcy Court's interpretation of the Local Rules was not unreasonable. In addition, we note that Hagen was afforded the opportunity to present argument on his motion for a continuance before the Bankruptcy Court.
 
 
 7
 Given all of the circumstances of this case, we conclude that the BAP was correct in its determination that Hagen did not suffer prejudice because of the ex parte communication.
 
 
 8
 The impositions of sanctions is not appropriate for the reasons stated in the BAP Memorandum Order.
 
 
 9
 The judgment of the Bankruptcy Appellate Panel is affirmed.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Owen M. Panner, Senior U.S. District Judge for Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3