125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sharon K. CAMPBELL, Plaintiff-Appellant,
v.
ASSOCIATED BUREAUS, INC., a foreign corporations d/b/a/
Credit Convertors, Defendant-Appellee.
 No. 97-15326.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-95-00223-HDM; Howard D. McKibben, District Judge, Presiding.
 Before: HALL, BRUNETTI and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sharon K. Campbell appeals the district court's order awarding $5,787.51 in costs to Associated Bureaus, Inc. ("ABI"), the successful defendant in Campbell's lawsuit under the Fair Debt Collection Act, 15 U.S.C. § 1692. We have jurisdiction under 28 U.S.C. § 1294, and we affirm.
 
 
 3
 Campbell contends that $5,069 of the costs taxed were for nontaxable witness fee costs because three of the witnesses were ABI employees and the nonemployee witness did not individually petition for reimbursement. This contention lacks merit.
 
 
 4
 A judge may tax as costs fees and disbursements for witnesses. See 28 U.S.C. § 1920(3). Here, the district court awarded costs pursuant to rule 205-5(d) of the United States District Court for the District of Nevada Local Rules ("L.R.205-5(d)"), based on the findings that: (1) one of the witnesses was not an ABI employee; (2) the ABI employee witnesses had no personal interest in the litigation; and (3) none of the witnesses was a party to the action. See L.R. 205-5(d).
 
 
 5
 Campbell has failed to demonstrate that the district court abused its discretion. See National Info. Serv., Inc. v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir.1995). First, there is no evidence to support Campbell's contention that the nonemployee witness was a party, nor is there authority to support her contention that he was required to individually petition the district court for reimbursement. With respect to the employee witnesses, we see no abuse of discretion in the court's interpretation or application of its local rule. See Guam Sasaki Corp. v. Diana's, Inc., 881 F.2d 713, 716 (9th Cir.1989). Accordingly, we affirm.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3