Tovia LAFAELE, Plaintiff—Appellant,

v.

P. LARGENT, Defendant—Appellee.

No. 05–17346.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006 *.

Filed Nov. 13, 2006.

Tovia Lafaele, CSPSOL—California State Prison, Vacaville, CA, pro se.

Christopher J. Becker, Esq., AGCA—Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Defendant–Appellee.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

California state prisoner Tovia LaFaele appeals pro se from the district court's judgment dismissing for failure to state a claim, his 42 U.S.C. § 1983 action alleging the defendant retaliated against him for filing a prison grievance. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001), and we affirm.

LaFaele contends defendant retaliated against him for requesting law library hours in excess of those permitted by the rules governing inmates in his classification. He cannot plead that defendant's action did not reasonably advance a legitimate penological goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005). His retaliation claim therefore fails and the district court properly dismissed his action.

Eastern District of California Local Rule 72–303(b) states that rulings by magistrate judges become final if reconsideration is not sought within ten days of service of the order upon the parties. Accordingly, the district court did not abuse its discretion in declining to reconsider the November 2, 2004 screening order. *See Guam Sasaki Corp. v. Diana's Inc.*, 881 F.2d 713, 715 (9th Cir.1989) (noting this court accords broad deference to the district court's interpretation of local rules).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

