NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUY JONES,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BRADSHAW BAR GROUP, INC., D.B.A.<br>The Rink; BRUCE D. FITE; CHARLES<br>FITE,<br><br>Defendants-Appellees. | No.  15-17512<br><br>D.C. No.<br>2:14-cv-01841-JAM-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 11, 2017[**]
San Francisco, California

Before:  GOULD and WATFORD, Circuit Judges, and SANDS,[***] District Judge.

Guy Jones filed suit against the Bradshaw Bar Group, Inc., Bruce D. Fite,

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable W. Louis Sands, Senior United States District Judge for the Middle District of Georgia, sitting by designation.

and Charles Fite (collectively, "Bradshaw"), bringing claims for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*, and other California statutes.

The parties submitted a consent decree and proposed order to the district court. The consent decree resolved all issues between the parties except for the matter of Jones's attorneys' fees. The district court entered the consent decree on March 10, 2015.

On September 23, 2015, Jones filed a motion for attorneys' fees. The district court denied the motion as untimely, citing Local Rule 293(a), which requires attorneys' fees motions pursuant to statute to be filed no later than twenty-eight days after the entry of a final judgment. *See* E.D. Cal. R. 293(a).

Jones argues that the consent decree did not constitute a final judgment as to the issue of attorneys' fees because it did not resolve that issue. But our law is contrary: "A consent decree is considered a final judgment despite the fact that the district court retains jurisdiction over the case." *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 854 (9th Cir. 1992). A motion for attorneys' fees "does not imply a change in the judgment, but merely seeks what is due because of the judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 452 (1982) (quoting *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir. 1980)). Here, the consent decree entirely resolved the merits of the case—leaving only the "collateral" matter of

2

attorneys' fees. *See id.* at 451. We conclude that the consent decree was a final judgment and triggered the twenty-eight-day deadline for an attorneys' fee request as is set by Local Rule 293(a). *See id.* at 451–52.

Jones next argues that applying a local rule to bar a request for fees here undermines the public policy underlying the ADA and the relevant California statutes. We disagree. While Congress provided for an award of attorneys' fees under the ADA, it did not prohibit deadlines for filing such requests. *See* 42 U.S.C. § 12205. The same is true of the California statutes at issue. *See* Cal. Civ. Code §§ 52(b)(3), 54.3(a), 55; Cal. Civ. Proc. Code § 1021.5; Cal. Health & Safety Code § 19953. And "district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." *White*, 455 U.S. at 454. A local rule may bar as untimely a request for attorneys' fees under the ADA and the relevant California statutes.

Jones further argues that the district court's ruling was contrary to the parties' understanding and intent, contending that the parties continued to negotiate attorneys' fees after the deadline set by Local Rule 293(a) had passed. But the Eastern District's Local Rules provide that, outside of a few exceptions that are not applicable here, extensions of time must be approved by the district court. *See* E.D. Cal. R. 144(a). The parties' conduct alone could not modify the deadline for filing motions for attorneys' fees.

Jones also contends that the parties' conduct showed that they understood the consent decree to extend the time to answer. However, "the scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it." *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971). Nowhere does the consent decree by its terms extend the deadline for filing a motion for attorneys' fees. In reply, Jones contends that Defendants would not be prejudiced by the award of attorneys' fees. But even if this were assumed to be true, it does not constitute sufficient grounds for disregarding the Eastern District's Local Rules.

For the reasons above stated, the district court did not abuse its discretion in denying the motion for attorneys' fees as untimely. *See Guam Sasaki Corp. v. Diana's Inc.*, 881 F.2d 713, 716 (9th Cir. 1989) ("[I]n reviewing rulings of the district court regarding local practice and local rules, the appropriate standard of review is abuse of discretion.").

**AFFIRMED.**