**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DEC 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

DIVA LAWYERS SOCIAL CLUB, INC., a
California mutual benefits nonprofit
corporation; Ms. ATYRIA S. CLARK
Esquire, Attorney,

        Plaintiffs - Appellants,

 v.

LONITA K BAKER,

        Defendant - Appellee,

and

DOES, 1-20, inclusive,

        Defendant.

No. 24-5535

D.C. No.
2:24-cv-01292-PA-MAR

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 20, 2025[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BYBEE, LEE, and DE ALBA, Circuit Judges.

Diva Lawyers Social Club, Inc. ("Diva Lawyers") appeals the district court's dismissal of its lawsuit against Lonita Baker for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly dismissed Diva Lawyers' action for lack of personal jurisdiction. Diva Lawyers does not attempt to show general jurisdiction over Baker in California, so we address only specific jurisdiction. Because Diva Lawyers has failed to allege sufficient facts showing that Baker has "purposefully direct[ed] h[er] activities" toward the forum, her arguments fail under the first prong of the Ninth Circuit's specific jurisdiction test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Baker is a Kentucky-based lawyer whose passive website, social media accounts, and unrelated travel to California are insufficient to establish personal jurisdiction. Baker runs a personal website and social media—neither of which is monetized—and there is no showing that Baker specifically targeted California or its residents through her online branding. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) ("[A]n internet domain name and passive website alone are not 'something more,' and, therefore, alone are not enough to subject a party to jurisdiction.") (citation omitted); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) ("[S]imply registering someone else's trademark as a domain name and posting a web site on

2                                                                                            24-5535

the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another."). Because Baker's website is, as a matter of law, passive, only something more—such as an "insistent marketing campaign directed toward [the forum]" as in *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002), or a "scheme to register . . . domain names for the purpose of extorting money from [plaintiff]" as in *Panavision Int'l*, 141 F.3d at 1322—can establish sufficient "minimum contacts" for personal jurisdiction. There is no such showing here: Diva Lawyers identifies no California-specific content, individual targeting, extraction of Californians' personal data, product sales, solicitation of clients or any similar actions designed to cultivate a California audience or expressly aimed at California. Any California contacts are "random, fortuitous, or attenuated" and do not justify personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985) (internal quotation marks and citations omitted).

The district court also did not err in denying Diva Lawyers' request for jurisdictional discovery. Diva Lawyers has no viable route to establish personal jurisdiction. Diva Lawyers seeks jurisdictional discovery into how Baker held herself out as a Diva Attorney during her California trips. But further discovery would be futile: The trips were unrelated to this suit and cannot show purposeful direction or express aiming. *See LNS Ents. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864–65 (9th Cir. 2022) ("[A] mere hunch that [discovery] might yield

jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery.") (quotation marks and citations omitted). Because Diva Lawyers has failed to put forth a viable theory as to how Baker's California trips would establish that she purposefully directed her activity toward the forum, further discovery would not be helpful. The district court's denial of jurisdictional discovery was not an abuse of its discretion.

Finally, the district court did not abuse its discretion by proceeding to the merits of Baker's motion despite violations of local rules. "We afford a high degree of deference to local rules and to district court decisions which are designed to delineate local practice and define the local rules." *Guam Sasaki Corp. v. Diana's Inc.*, 881 F.2d 713, 715 (9th Cir. 1989). Although Baker violated several local rules, including the requirements to meet and confer beforehand and to send notice to Diva Lawyers, the district court opted to forgive these omissions and to proceed to the merits anyway. The relevant rules are discretionary, not mandatory, and thus allow a judge to consider a motion even if it does not comply. Further, Diva Lawyers identifies no concrete prejudice from the district court's approach: Baker substantially corrected the errors, and Diva Lawyers was given extra time to respond. Given our precedent granting district courts broad latitude to interpret and enforce their local rules and the lack of prejudice, we defer to the district court's chosen disciplinary methods in this case.

**AFFIRMED.**